HELEN DAVIS, appellant, v. D. A. MATER et al., a copartnership, appellees.

No. 49001.

(Reported in 79 N.W.2d 400)

2

NOVEMBER 13, 1956.

Messer, Hamilton & Cahill, of Iowa City, and E. Raymond Mick, of Knoxville, for appellant.

Johnston & Johnston, N. D. Shinn, Johnson & Johnson, and Miller, Sinnard & Murphy, all of Knoxville, and Hoffmann & Hoffmann, of Des Moines, for appellees.

OLIVER, J.—This is an action for damages for alleged malpractice in treating and caring for plaintiff's injuries suffered in an automobile accident. There were four counts in her petition. Defendant Dr. C. R. Burroughs assailed the petition by a motion in eight parts, to strike and for more specific statement, and thereafter joined with other defendants in a motion in eighteen parts, to dismiss, strike and make more specific. May 26, 1955, the court made the following Calendar Entry:

"Motions to strike of the defendants having been heretofore submitted to the Court on oral argument, the same are hereby sustained. Exceptions to plaintiff.

"The Court on its own motion is requiring the plaintiff to recast her petition to avoid multiple pleading and the statement of inconsistent matters; and to state her cause of action plead in a more concise manner. The plaintiff is given thirty days from this date to comply with this order."

I. Appellant assigns as error the order requiring her to recast her petition. The petition was in four counts, each based upon a somewhat different legal theory. Each was relatively short, averaging approximately 900 words, and was complete in itself. Paragraph 1 of each count stated plaintiff's residence. Although unnecessary, this was not seriously objectionable. Paragraphs 2 and 3 identified and described the defendants. Paragraph 4 stated plaintiff sustained injuries in an automobile accident. Paragraph 5 alleged defendants undertook to treat and care for her. A later paragraph, 7 or 9 or 10, listed the effects of the alleged malpractice and itemized the damages claimed. The following paragraph in each count pleaded the damages claimed. The following paragraph in each count pleaded plaintiff's freedom from contributory negligence. Each count prayed judgment for $79,057.62.

The only substantial differences in the counts were in the one or several paragraphs immediately following paragraph 5 of each count, which set out the theory upon which plaintiff predicated her claim of defendants' liability in that count. Count I alleged general negligence and res ipsa loquitur, Count II was based upon breach of contract, Count III upon specific negligence and Count IV upon an alleged unauthorized operation claimed to have constituted an assault.

We have frequently held this form of pleading was proper. Pearson v. Butts, 224 Iowa 376, 379, 276 N.W. 65, 66, states:

"It is true that where general and specific allegations of negligence are alleged in the same count, the doctrine of res ipsa loquitur does not apply * * *.

"A different rule applies, however, where the specific acts of negligence are alleged in one count, and general allegations under the res ipsa loquitur rule are alleged in another."

Eaves v. Ottumwa, 240 Iowa 956, 967 to 969, 38 N.W.2d 761, 768, 11 A.L.R.2d 1164, holds such form of pleading is proper and cites many authorities.

The petition in Wells v. Wildin, 224 Iowa 913, 916 to 919, 277 N.W. 308, 311, 115 A. L. R. 169, was in two counts (1) based upon recklessness upon the theory plaintiff was a guest and (2) based upon negligence upon the theory plaintiff was not a guest. It was contended the two counts "in their very nature were inconsistent and destructive of each other." Holding to the contrary, the decision quotes: " 'Our practice permits the cause of action arising from a single transaction to be set out in separate counts, to meet the exigencies of the case as they may develop in the proofs.' " It states also:

"In this case plaintiff's cause of action is for a single wrong. He seeks in each count the same damages for the same injuries arising out of the same act of the decedent. The petition states one cause of action and he may recover on either theory, * * *. * * *

"It was not only permissible but necessary for plaintiff to include both theories of recovery in his petition. A party is not permitted to divide his single cause of action into different actions."

In re Estate of Flaugher, 232 Iowa 520, 5 N.W.2d 821, and Mortenson v. Hawkeye Casualty Co., 234 Iowa 430, 12 N.W.2d 823, contain similar holdings. Rule of Civil Procedure 22 provides alternative causes of action may be joined in the same petition.

Friedman v. Forest City, 239 Iowa 112, 118, 119, 30 N.W.2d 752, 755, states: "We have held this form of pleading proper

even though the counts were technically inconsistent. [Citations] They were not fatally repugnant in this case."

In the case at bar the court ordered plaintiff to recast her petition, "to avoid multiple pleading and the statement of inconsistent matters; and to state her cause of action in a more concise manner." The power of the court to make such orders has been held to be inherent and is authorized, also, by R. C. P. 81. However, there was here no multiple pleading. Schell v. Leander Clark College, 8 Cir., Iowa, 2 F.2d 17, 21, states:

"The vice of multifariousness is the union of causes of action which, or of parties whose claims, it is either impractical or inconvenient to hear and adjudicate in a single suit. Where this vice does not exist * * * the pleading is not multifarious, and it should be sustained."

Moreover, under R. C. P. 22 and decisions of this court, cited above, there were no objectionable statements of inconsistent matters. Nor was the petition prolix. On the contrary each count was concise.

There was nothing in the form of the petition to justify the order to recast. That order was contrary to the authorities above cited, was erroneous in law and was an abuse of the legal discretion lodged in the court in such matters.

Appellees contend the order was not prejudicial because it gave plaintiff thirty days to refile her petition. The answer is she failed to do so within that time, although her amended and substituted petition, filed four days after the expiration of the thirty days, recited it was in compliance with such order. Because of such failure the court ordered the dismissal of both the petition and amended and substituted petition and rendered judgment against plaintiff. From this final judgment she has appealed.

R. C. P. 331(b) states in part: "No error in such interlocutory ruling or decision is waived by pleading over, or proceeding to trial. On appeal from the final judgment, there may be assigned as error such interlocutory ruling or decision or any final adjudication in the trial court under rule 86 from which no appeal has been taken, where such ruling, decision, or final adjudication is shown to have substantially affected the rights of the complaining party."

Hence, it was proper for plaintiff to assign, as errors, the order sustaining the motions to strike from her original petition and ordering the same recast, as well as the subsequent order and final judgment.

We have already held the order to recast was erroneous. The subsequent order dismissing plaintiff's petition and amended and substituted petition and the judgment against plaintiff were based upon her failure to comply with that erroneous order. Hence, this order and the judgment were likewise erroneous.

■ II. The order of district court of May 26, hereinbefore set out, recited: "Motions to strike of defendants * * * are hereby sustained." R. C. P. 111 states, "only one such motion assailing the same pleading shall be permitted." Appellant points out defendant Burroughs joined in the second such motion after having made the first. She complains this operated as an abandonment of his first motion. However, it appears appellant argued both motions and made no objection in the trial court. We agree with appellees that this complaint by appellant comes too late.

■ The reference to motions, in the court's order, indicates both motions were considered. Appellees state each and every part was argued and was considered by the trial court. From the language of the order sustaining generally the "motions to strike", it would seem each part of each motion asking that something be stricken from the petition was sustained. However, the order does not state whether the "dismiss" and the "make more specific" parts of the motions were overruled or were left undetermined.

R. C. P. 118 provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally." The order does not comply with this rule. The detailed disposition of each ground of a motion of many parts (here 26) may be burdensome but we have frequently stated R. C. P. 118 should be followed. Melsha v. Tribune Publishing Co., 243 Iowa 350, 354, 355, 51 N.W.2d 425, 428; In re Estate of Van Dyke, 245 Iowa 942, 950, 65 N.W.2d 63, 67.

The noncompliance with R. C. P. 118 constituted error. However, under the circumstances of this case, this error would not require a reversal.

The order requiring the recasting of the petition, the subsequent order dismissing both petitions and the judgment against plaintiff were erroneous and require that the judgment be reversed and the cause remanded for further proceedings not inconsistent herewith.—Reversed and remanded.

All JUSTICES concur except HAYS, J., who takes no part.