SPENCER CONCRETE PRODUCTS COMPANY, a corporation, appellee, v. CITY OF SPENCER, appellant.

No. 50641.

(Reported in 116 N.W.2d 455)

88

July 24, 1962.

James & Greer and Murray Underwood, all of Spencer, for appellant.

Cornwall, Cornwall & Avery, of Spencer, and Alan Loth, of Fort Dodge, for appellee.

THOMPSON, J.—This case arises because of a mistake in identity. The mistake was an unfortunate one, and is now irremediable.

The City of Spencer commenced proceedings for the condemnation of a tract of land, 1.14 acres in extent, owned by Spencer Concrete Products Company, an Iowa corporation. The condemnation commission returned a value finding which the condemnor city thought excessive, and it attempted to appeal. Notice of appeal was duly served upon the sheriff, and a copy of the notice was delivered to a deputy sheriff with directions to serve it upon the Spencer Concrete Products Company by serving Clarence A. Phillips, the president of the corporation. By mistake the deputy sheriff served the notice upon Clifton F. Phillips, a brother of Clarence. Clifton F. Phillips was not an officer or director of the company, but was in its employ. By the time the error was discovered by the city the thirty days allowed by statute, section 472.18, Code of 1962, for the taking of the appeal had passed. The Spencer Concrete Products Company filed its special appearance, which was sustained by the trial court, and the City of Spencer has appealed.

Some confusion arises from the caption of the case as it comes to us. Therein the Spencer Concrete Products Company is named as plaintiff and the City of Spencer as defendant. Since the city is the moving and attacking party and generally has the burden on the issues made, we shall hereinafter refer to it as the plaintiff, and to the Spencer Concrete Products Company as the defendant. We shall also refer to the City of Spen-

cer as the city, and to the Spencer Concrete Products Company as the company.

I. The city assigns four errors relied upon for reversal. Number 1 presents what we consider the city's major contention. It is that the service of notice on Clifton F. Phillips was valid notice to the company, because he was an agent under the provisions of section 472.18, supra. We set out this section herewith.

"Appeal. Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

■ The contention is that Clifton F. Phillips was an agent of the company within the meaning of the quoted section. This being a direct attack upon the jurisdiction of the court, the city as plaintiff asserting such jurisdiction had the burden of proving it. Hill v. Electronics Corporation of America, 253 Iowa 581, 590, 113 N.W.2d 313, 318; Mayer v. Wright, 234 Iowa 1158, 1162, 1163, 15 N.W.2d 268, 270, and citations.

■ Also the rule is clear, and it is not disputed, that the trial court's findings of fact on a hearing on a special appearance have the status of a jury verdict. They may not be challenged in this court if they are supported by any substantial evidence. The proceeding is a special one not triable in equity, and so not triable de novo in the appellate court. Even though the evidential facts are not in dispute, if different inferences may be drawn from them the trial court's interpretation must be accepted. It is seldom that one who has the burden of proof is entitled to a peremptory instruction or a directed verdict. Harlan Production Credit Assn. v. Schroeder Elevator Co., 253 Iowa 345, 348, 112 N.W.2d 320, 322; Barnes v. Gall, 251 Iowa 921, 926, 103 N.W.2d 710, 713; Frederick v. Goff, 251 Iowa 290, 296, 100 N.W.2d 624, 628, and citations.

The foregoing rules are thoroughly settled, and there is in fact no claim made that they do not apply here. The city's case, if any it has, must be based upon the proven contention that the facts before the trial court were without substantial contradiction, that there was no room for inferences supporting the court's findings, and that only one conclusion could be drawn from them. It is, in fact, the city's position that Clifton Phillips is so conclu-

sively shown to have been an agent of the company for the purpose of service of notice within the meaning of section 472.18, supra, that the plaintiff was entitled to a finding to that effect as a matter of law. We are unable to agree with this position.

It is apparent that in deciding whether there was substantial evidence to support the trial court's finding that Clifton Phillips was not an agent of the company, we must take the evidence in the light most favorable to the defendant, that is, to the Spencer Concrete Products Company, which it will reasonably bear. The showing is that Clifton Phillips had been for some time engaged in the operation of a restaurant, and had sold this business and was looking about for another café. In August 1960, about two months before the notice in this case was served upon him, he was employed by the company, of which his brother Clarence seems to have been the sole, or at least the controlling, owner, as a "good will" man. His duties were to travel about the trade territory and contact possible customers of the company, giving them price lists. He was furnished with a company car with the company's name painted on it. He was equipped with business cards, evidently some which had been used by another salesman; but the name of the former salesman was blocked out, as were the words "Sales Rep." He had no authority to make sales but was directed to refer any prospective customers to his brother, the president and general manager of the company. He had not been employed by the company before August 1960 and had little knowledge of its business. When he was not on the road delivering price lists to dealers in the company's products he occasionally answered the telephone in the office, and on one occasion he sold an item to a customer, who "had to tell him where it was to be found and the price."

He had no authority to make or change any prices other than those shown on the price lists with which he was furnished; and if a question of prices came up he was directed to tell the prospect to "get in touch with Jack"—this being the name by which Clarence Phillips was generally known. He reported on prospects; but he had no authority to make sales, deal with the company's real estate, or to do anything other than to deliver the price lists and report to his brother. This is the substantial meaning of the defendant's evidence.

■ We have set out above section 472.18, from which we learn that the notice of appeal must be served on the adverse party, his agent or attorney. At this point the first sentence of section 472.19 immediately following becomes important. It says: "Such notice of appeal shall be served in the same manner as an original notice." The plaintiff thinks this part of section 472.19 has no bearing upon section 472.18. We are unable to follow the argument at this point. What is now section 472.19 was originally adopted by the legislature, Forty-seventh General Assembly, chapter 203, as an amendment to the then section 7839, which was identical with the present section 472.18. The amendment added to section 7839, now 472.18, the language now found in section 472.19, and became a part of the original statute. The statute has since been divided by Code editors so that instead of the entire act appearing in section 472.18 it is printed in two sections, 472.18 and 472.19. But the language is still in effect a part of section 472.18. It clearly refers to the preceding section, which deals with the service of notice of appeal. It refers to "Such notice of appeal" and can only mean the notice of appeal referred to immediately preceding.

So we have the language of the amendment of the 47th G. A. providing that the notice of appeal "shall be served in the same manner as an original notice." We turn to the Rules of Civil Procedure defining the manner of service of original notices. Rule 56 says: "Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: * * * (f) Upon a * * * domestic or foreign corporation, by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice * * *."

Thus the manner of service of an original notice upon a corporation must be, so far as the present case is concerned, by serving a "general or managing" agent. Corporations often have numerous employees, most of them having no connection with the management of its business. The legislature, by amending the existing law, evidently thought it best to provide a certain way in which the management of a corporation would be sure to have knowledge of the service of a notice.

■ Nor would we be inclined to hold, even without the direction of the statutes that notice to a corporation must be served on an officer or general or managing agent, that there was no basis for the trial court's finding that Clifton Phillips was not such an agent as section 472.18, standing alone, intends. It has often been held that a mere employee is not an agent upon whom service of process may be made. DeClaire Mink Ranches v. Federal Foods, Inc., D. C., N. D. of Iowa, 192 F. Supp. 148, 151; Jansma Transport, Inc., v. Torino Baking Co., 27 Ill. App.2d 347, 169 N.E.2d 829, 831; Edwards v. Scott & Fetzer, Inc., D. C., N. C., 154 F. Supp. 41, 44; Brown v. Terminal Railroad Association of St. Louis, Mo. App., 298 S.W.2d 471, 473. · In Nichols, Illinois Civil Practice, chapter 24, section 597, page 352, it is said: "It would seem that if an agent is served, he must be one whose connection with the company is such, or whose employment is of such character, that he impliedly had authority to receive process, and would be likely to inform the corporation of service of summons."

■ It is also settled that agency is generally a fact question to be determined as such. In Grismore v. Consolidated Products Co., 232 Iowa 328, 344, 5 N.W.2d 646, 651, we held that the burden of proving agency is upon the one asserting such relation, and that whether an agency has been proven is ordinarily a question of fact for the jury. We followed this rule in Hall v. Crow, 240 Iowa 81, 90, 34 N.W.2d 195, 200, citing and quoting with approval the rule laid down in 2 Am. Jur., Agency, 360, section 454, and 3 C. J. S., Agency, 328, section 330.

■ It necessarily follows that, even if we were to accept the contention that an "agent" upon whom service of notice of appeal may be made need not be a "general or managing" agent, the question would nevertheless be one of fact for the trier thereof; and here the fact was determined adversely to the city. Clifton Phillips was, under the showing made by the evidence for the defendant company, no more than an employee upon whom effective service might not be made. He was not an officer; he had no authority to do more than call upon possible customers and give them price lists, and report to the corporation officers as to the calls he had made and whether there appeared to be

prospects of sales. He had no authority to do so much as to make a sale or to quote any binding prices, except as shown in the price lists furnished him. The court's finding that he was not an agent upon whom process might be served for the corporation has substantial support in the evidence.

II. We shall discuss plaintiff's second and fourth assignments of errors together, since we think they go to the same point. The second assignment asserts that service of the notice was effected when Clifton Phillips gave it to Clarence Phillips, the president of the corporation; and the fourth assignment is that in any event Wilson Cornwall, the corporation's attorney, had actual notice of the attempted service within the thirty days allowed for taking the appeal. Each contention amounts to saying that, even though the officer designated by the plaintiff did not make a good and sufficient service of the notice, if the company did in fact have actual knowledge of the attempted service within the thirty days, jurisdiction of the appeal was acquired by the district court. The argument is a somewhat novel one, but is entirely lacking in merit. A similar effort to validate a void service was made in Goetz v. Interlake S. S. Co., D. C., S. D. of New York, 47 F.2d 753, 757. The court there used this apt language: "That Gorthy may have advised the steamship company of the service of the summons on him matters not. * * * On another occasion he might not have done so. Another and less careful man might have thrown the summons away."

Clifton Phillips was not asked or authorized by the plaintiff to make service of the notice. As far as the plaintiff and its agent designated to make the service were concerned, the service was complete and either valid or void when it was served upon Clifton. That the notice may have been later handed to Clarence Phillips or other authorized agent of the corporation in no manner adds to the effectiveness of the service. As the federal court pointed out in the Goetz case, supra, it was a matter of chance whether the notice ever reached a proper officer or agent of the company. So with the alleged fact that the company's attorney received actual knowledge of the attempted service within the allotted period. We had a similar contention in Esterdahl v. Wilson, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244. There we

said: "It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method. This argument would support a notice by ordinary mail, or by telegram, or word of mouth, or by reading of the suit in a newspaper. Jurisdiction must be acquired in the manner prescribed by law."

The rule is clearly stated in 19 C. J. S., Corporations, section 1312, page 996: "If service is made on a person not authorized to receive it, it is immaterial that he delivers it to the proper officer of the corporation, or advises the company of the service on him, or that the corporation has notice of the commencement or pendency of the action. What he may have said when served is also immaterial."

III. The third assigned error is that the trial court should have held the defendant-company was estopped from denying that it had timely notice of the appeal "because of the misleading remarks, actions and silence of Clifton F. Phillips at the time of service, all of which were relied upon by the deputy sheriff * * * and the City of Spencer." This argument seems to contend that Clifton Phillips said too much and at the same time not enough. Both his remarks and his silence are relied upon. The trial court found there was no evidence supporting a holding of estoppel, and again the plaintiff is bound by this holding if there was substantial support for it. We turn again to the evidence for the defendant-company. Clifton Phillips testified that when the deputy sheriff came in he did not hear him ask for Clarence Phillips. The deputy did not tell him he was looking for Clarence Phillips. When he saw the deputy come in he walked out to see what he wanted. The officer said " 'I have a piece of paper here for you.' " The deputy then handed him the paper. It was folded. Clifton opened it. He said "Hell, this is not for me." The officer said " 'Oh, I think you will do.' " Clifton said "Why don't you bring me down a check or some money or something I can spend?" The officer said " 'Now don't blame me; I am just the hired man.' " This is the substance of Clifton Phillips' version, and it in no manner supports a finding of estoppel.

Further, acts leading to an estoppel must be the acts of the principal or of an authorized agent. Apparent authority,

96

as between the principal and third persons, must be determined by what the principal said and did rather than by the acts or statements of the purported agent. Chismore v. Marion Savings Bank, 221 Iowa 1256, 1259, 1260, 268 N.W. 137, 139. The record is devoid of evidence that Clifton Phillips had any authority from the company to make any statements or do any acts which would mislead the officer who made the service; and the trial court found that there was no basis in fact for a finding of estoppel.

We find no support in the record for plaintiff's assigned errors. Plaintiff's counsel have attempted to make the best of an unfortunate situation which arose through no fault of the city's attorneys; but they have not succeeded in demonstrating error in the rulings and judgment of the trial court.—Affirmed.

All JUSTICES concur.