HAROLD J. TICE, as executor of estate of Gertrude M. Tice, deceased, appellee, v. WILMINGTON CHEMICAL CORPORATION, appellant, and JOY & JOHNSON AUCTION COMPANY et al., defendants.

No. 51910.

APRIL 5, 1966.

SUPPLEMENTAL OPINION DENYING REHEARING JUNE 14, 1966.

RAWLINGS, J.—This case comes before us on a permitted appeal from an order of the trial court overruling a special appearance filed on behalf of defendant Wilmington Chemical

Corporation, hereinafter sometimes referred to as defendant.

By his petition plaintiff alleges substantially as follows: He is executor of the estate of his wife; defendant is an Illinois corporation never qualified to do business as such in Iowa; defendant engaged in manufacturing, producing, selling and distributing a water repellent product, hereinafter sometimes referred to as the solution, part of which was purchased for resale in this state by other parties defendant who are Iowa residents; some of this solution was purchased by plaintiff's decedent and on September 21, 1963, while she was using the solution it exploded causing her death.

Division I of the petition asserts breach of implied warranty, Division II breach of express warranty, and Division III specific negligence.

By its amended and substituted special appearance and supplementary affidavit, defendant contends plaintiff attempted to effect process upon it pursuant to the provisions of sections 496A.20 and 617.3, Code of Iowa; it is an Illinois corporation never having qualified to do business in Iowa; the solution was not manufactured, packaged or warehoused by defendant, being custom manufactured, packaged, warehoused and shipped for defendant on purchase orders received by and subject to approval of defendant; it transacted business only with independent contractors, sometimes referred to as manufacturer's representatives; process under chapter 496A, Code of Iowa, did not serve to vest requisite jurisdiction in the trial court; section 617.3, Code, 1958, as amended by chapter 287, Laws of the Fifty-ninth General Assembly, was unconstitutional; Code section 617.3, as amended by chapter 325, Laws of the Sixtieth General Assembly, violates section 1, Amendment 14, United States Constitution, and section 9, Article I, of the Iowa Constitution, and in any event cannot operate retrospectively.

Apparently no independent evidence was presented by either party.

The trial court overruled defendant's special appearance and with our consent it appealed.

I. Defendant first questions the order of the trial court because there was no separate ruling on each and every ground asserted in the special appearance.

Rule 118, Rules of Civil Procedure, provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

For good and self-evident reasons a ruling on each ground or part of a motion is looked upon with favor.

However, we have held a violation of this rule does not constitute prejudicial error absent some compelling cause to hold otherwise. Lockwood v. Wiltgen, 251 Iowa 484, 487, 101 N.W.2d 724; Pansegrau v. Collins, 247 Iowa 632, 636, 75 N.W.2d 249; and Jensma v. Allen, 248 Iowa 556, 560, 81 N.W.2d 476. See also Davis v. Mater, 248 Iowa 1, 79 N.W.2d 400, and Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 26 N.W.2d 429.

There is no basis upon which to conclude defendant was prejudiced by the ruling as made. We find no good cause to reverse by reason of the challenged form of order entered by the trial court.

II. Defendant also contends plaintiff did not establish sufficient facts to sustain jurisdiction of the court under sections 496A.103 and 496A.120, Code, 1962.

There is nothing which discloses plaintiff was required to so prove. In fact, there is no indication plaintiff ever pretended to stand upon these statutory provisions, and defendant failed to establish their relevancy or materiality.

Section 496A.103 relates to the securing of authority by a foreign corporation to transact business in this state and section 496A.120 is nothing more nor less than a penalty statute as to foreign corporations transacting or attempting to transact business in Iowa.

This phase of the case was fully explored in Great Atlantic & Pacific Tea Co. v. Hill-Dodge Banking Co., 255 Iowa 272, 278, 122 N.W.2d 337.

We there concluded section 617.3 as amended establishes a new basis for jurisdiction over a foreign corporation.

Little or nothing is to be gained by here further belaboring the matter.

III. We turn now to the specifics involved in defendant's challenge to the jurisdiction of the court.

■ A special appearance has for its purpose the interposing of objection to jurisdiction, such being the sole question placed before the court by such a restricted appearance. Rules 66 and 104(a), R. C. P.; 6 C. J. S., Appearances, section 22(b), page 66; and 5 Am. Jur.2d, Appearance, section 3, page 480.

■ In passing upon a special appearance the courts of this state accept the allegations of plaintiff's petition as true. Great Atlantic & Pacific Tea Co. v. Hill-Dodge Banking Co., supra, 255 Iowa at 279, 122 N.W.2d at 341.

■ However, we have also held verified affidavits may be submitted supporting or in opposition to a special appearance. Rules 80(b) and 116, R. C. P.; State v. Bitter Root Valley Irr. Co., 185 Iowa 60, 66, 169 N.W. 776; and 2 Iowa Law Bulletin 127. And, when affidavits are so filed the contents stand as a verity unless controverted. Stites v. Des Moines Transit Co., 249 Iowa 185, 190, 85 N.W.2d 905, and National Clay Products Co. v. District Court, 214 Iowa 960, 970, 243 N.W. 727.

■ In the case now before us defendant appended a verified affidavit to its special appearance. As aforesaid plaintiff filed no counteraffidavit and no hearing was had upon the factual situation. We conclude the trial court determined the jurisdictional issue presented upon the facts as disclosed by plaintiff's petition and defendant's supportive affidavit.

IV. This court has previously declared a plaintiff faced with a jurisdictional challenge has the burden to establish facts necessary to show the trial court had requisite jurisdiction over the contesting defendant. Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 90, 116 N.W.2d 455.

■ But we have also held a defendant interposing a plea to the jurisdiction of a court by special appearance has the burden to sustain that plea. Flinn v. Western Mut. Life Assn., 187 Iowa 507, 510, 171 N.W. 711, and rule 344(f)5, R. C. P.

■ Defendant does not here contend plaintiff failed to comply with any procedural reqirements in the service of notice upon it. In any event no defect or omission in effecting process upon defendant was ever called to the attention of the trial court, and we have repeatedly held an issue or contention not

raised in the trial court will not be considered by us on appeal. Mundy v. Olds, 254 Iowa 1095, 1100, 120 N.W.2d 469.

██ V. And, since a hearing had upon a special appearance is a special proceeding not triable in equity, it is not reviewable de novo on appeal. Spencer Concrete Products Co. v. City of Spencer, supra.

Also, if different inferences may be drawn from undisputed facts, the interpretation given them by the trial court must be accepted by us. Rule 344(f)1, R. C. P. and Johnson v. Aeroil Products Co., 255 Iowa 931, 933, 124 N.W.2d 425.

Finally, in this same vein we entertain defendant's appeal upon assigned errors only, the findings of the trial court having the force and effect of a jury verdict. Schultz v. Board of Adjustment, 258 Iowa 804, 806, 139 N.W.2d 448, 450.

This then leads us to conclude the trial court found plaintiff effected service of notice as by law provided, that the burden was then upon defendant to establish absence of jurisdiction as alleged by it, and this it failed to do.

VI. As previously stated defendant does not directly contest the mechanics adopted by plaintiff in effecting service of notice. Rather it assails constitutionality of the foundational statute under which process is claimed to have been had, and its applicability to this case.

Upon the basis of assigned errors it would appear defendant, by its special appearance, takes the following position: (1) Section 617.3, Code, 1958, as amended, is unconstitutional; (2) these legislative enactments could not in any event be of benefit to plaintiff since their retroactive application is prohibited; and (3) these legislative acts cannot be applied under the existing factual situation to a claimed breach of warranty, express or implied, or to alleged negligence on the part of defendant.

We have several times held that where, as here, a defendant challenges the constitutionality of legislative enactments under and by virtue of which process has been effected, the burden so assumed is a heavy one. Powers v. McCullough, 258 Iowa 738, 140 N.W.2d 378, and State ex rel. Cairy v. Iowa Co-Op Assn., 250 Iowa 839, 843, 95 N.W.2d 441.

Stated otherwise, a contested act of the legislature stands unless the challenging party shows beyond a reasonable doubt it violates some given constitutional provision. Bulova Watch Co. v. Robinson Wholesale Co., 252 Iowa 740, 746, 108 N.W.2d 365, and Diamond Auto Sales, Inc. v. Erbe, 251 Iowa 1330, 1335, 105 N.W.2d 650.

VII. By its special appearance defendant subjects the amendments to section 617.3, Code, 1958, to close scrutiny under the spotlight of both our Federal and State Constitutions.

This Act as originally set forth in the 1958 Code made provision for service of notice upon any corporation or person owning or operating a transportation, telegraph, telephone or express line, or any foreign corporation, having an agent in Iowa.

It clearly complied with the due process mandate. Elk River Coal & Lumber Co. v. Funk, 222 Iowa 1222, 271 N.W. 204, 110 A. L. R. 1415, and Kalbach v. Service Station Equipment Co., 207 Iowa 1077, 224 N.W. 73.

In 1961 the legislature by amendment, chapter 287, Laws of the Fifty-ninth General Assembly, added to section 617.3 the following: " 'If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by the foreign corporation for the purpose of service of process or original notice on such foreign corporation and shall be deemed to constitute the appointment by the foreign corporation of the secretary of state of the state of Iowa and his successors to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process or original notice against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Iowa.' "

Defendant contends this last enactment was unconstitu-

tional. Our conclusion in the case at hand does not require us to pass on this question.

Without deciding the issue, we concede it is possible the 1961 Act was defective in that no procedural requirement was provided making it reasonably probable a nonresident defendant would receive actual notice of pending litigation. Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230; Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865; 16A C. J. S., Constitutional Law, section 619, page 788; and 16 Am. Jur.2d, Constitutional Law, section 560, page 963.

However, the legislature of this state, convened in 1963, expressly repealed the questionable Act of 1961, and enacted in lieu thereof a new "long-arm" statute, chapter 325, Laws of the Sixtieth General Assembly, as an amendment to section 617.3 of the Code. The material portions of this Act provide as follows: " 'If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation *commits a tort in whole or in part in Iowa against a resident of Iowa,* such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this Act, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort. * * *.' " (Emphasis supplied.)

Mandatory procedures are then prescribed by the Act which serve to provide probability a nonresident will receive timely notice of pending litigation in any of the trial courts of this state.

The legislature specifically repealed only the amendment of 1961, leaving intact section 617.3 as it stood in the 1958 Code, then added to it what we find to be a constitutionally proper "long-arm" provision. This our General Assembly had the unquestioned right to do. Bulova Watch Co. v. Robinson Whole-

sale Co., 252 Iowa 740, 746, 108 N.W.2d 365. Without question we are required to resolve all doubts in favor of its constitutionality. Town of Mechanicsville v. State Appeal Board, 253 Iowa 517, 527, 111 N.W.2d 317.

We are satisfied this last legislative enactment meets the due process requirements of our Federal and State Constitutions. McGee v. International Life Insurance Co., 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed.2d 223; International Shoe Co. v. State of Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A. L. R. 1057; Deveny v. Rheem Manufacturing Co., 319 F.2d 124; Andersen v. National Presto Industries, Inc., 257 Iowa 911, 135 N.W.2d 639; Wights v. Staff Jennings, Inc., 241 Ore. 301, 405 P.2d 624; Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670; Atkins v. Jones & Laughlin Steel Corp., 258 Minn. 571, 104 N.W.2d 888; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761; 16A C. J. S., Constitutional Law, section 619, page 797; 16 Am. Jur.2d, Constitutional Law, section 560, page 963; and annotation, 78 A. L. R.2d 397.

Under these circumstances there is no basis upon which to conclude other than that section 617.3, Code, 1958, as amended by the Act of 1963 was a valid legislative enactment and in full force and effect on September 21, 1963.

VIII. Defendant also challenges the jurisdiction of the court upon the premise the factual situation in this case does not serve to bring it within the operation of the tort provisions of section 617.3 as amended. We do not agree.

The material portion of the statute with which we are here dealing says, if a foreign corporation *commits a tort in whole or in part* in Iowa against a resident of Iowa, *it shall be deemed to be doing business in this state for purpose of process or service of notice.*

The real problem before us is as follows: When a foreign corporation which manufactures, produces or distributes a product and sells or causes it to be sold to Iowa residents for resale to the public, which product so resold to an Iowa resident proves to be defective, as a result of which damage or injury is caused to someone in this state, can a trial court of this state acquire jurisdiction in personam over such manufacturer, pro-

ducer or distributor by virtue of process had under section 617.3 as amended by chapter 325, Laws of the Sixtieth General Assembly?

There can be no question as to jurisdiction of our trial courts over the subject matter. Section 604.1, Code, 1962, and Groves v. Donohue, 254 Iowa 412, 418, 118 N.W.2d 65.

And we are satisfied that where there has been strict compliance with the procedures prescribed by law, these same courts can acquire jurisdiction in personam over a foreign corporation as to a tort committed in whole or in part within this state.

Our position on this subject was fully enunciated in Andersen v. National Presto Industries, Inc., 257 Iowa 911, 917, 918, 135 N.W.2d 639, 642, 643, when we said: "It is clear that under section 617.3 the commission of one tort in whole or in part in Iowa is sufficient to give jurisdiction. Again, this does not necessarily determine whether the statute in all cases requires sufficient minimum contact to afford due process. International Shoe Co. v. State of Washington, 326 U. S. 310, 319, 66 S. Ct. 154, 159, 90 L. Ed. 95, 103, 161 A. L. R. 1057, is the leading case upholding the authority of a state to secure jurisdiction over one not served with process within its borders. However, it leaves several questions unanswered, one of them being what contact is sufficient. We quote this language: 'It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less.' In Gray v. American Radiator & Standard Sanitary Corporation, supra, the Illinois Supreme Court was faced with a situation identical with the one found here. Only one actual contact was shown; but the Illinois court said: 'We do not think, however, that doing a given volume of business is the only way in which a nonresident can form the required connection with this State. Since the International Shoe case was decided the requirements for jurisdiction have been further relaxed, so that at the present time it is sufficient if the act or

transaction itself has a substantial connection with the State of the forum.' Loc. cit. 176 N.E.2d 764. In further discussion of the point the same court said: 'In the case at bar defendant does not claim that the present use of its product in Illinois is an isolated instance. While the record does not disclose the volume of Titan's business * * * it is a reasonable inference that its commercial transactions, like those of other manufacturers, result in substantial use and consumption in this State.'

"In Ehlers v. United States Heating & Cooling Mfg. Corp., supra [267 Minn. 56, 124 N.W.2d 824], which likewise involved only one use of the product in the state of claimed jurisdiction, the Minnesota Supreme Court reached the same conclusion by substantially the same rationalization. It said: 'We feel justified, in view of the record, in concluding that the product here involved was manufactured by appellant corporation for use by the general public. It is not contended that the area of foreseeable use of the product was so limited as to exclude the State of Minnesota. The affidavit filed in support of the motions to dismiss did not negate the reasonable inference that the "Fireball" boiler is a mass-production unit intended for nationwide use.' Loc. cit. 267 Minn. 61, 124 N.W.2d 827."

In the case now before us defendant does not claim, and it would be less than logical to assume, the only solution sold or caused to be sold by it which came into the State of Iowa was that purchased by plaintiff's decedent alone.

Here plaintiff alleges defendant manufactured, produced or distributed the solution for sale to the general public; that various quantities were purchased by Iowa residents for resale within this state; and plaintiff's decedent bought some of the solution which, due to negligence of defendant, exploded while being used causing her untimely death.

Confining ourselves to the matter of pleading, this is sufficient to establish the minimum contact essential to due process.

See also in this connection Great Atlantic & Pacific Tea Co. v. Hill-Dodge Banking Co., 255 Iowa 272, 122 N.W.2d. 337; Hutchinson v. Boyd and Sons Press Sales, Inc., 188 F. Supp. 876; Ehlers v. United States Heating & Cooling Mfg. Corp.,

267 Minn. 56, 124 N.W.2d 824; 48 Iowa Law Review 978; and 4 Drake Law Review 18.

 IX. Having determined the trial court obtained jurisdiction over defendant for purposes of plaintiff's claim of negligence, we turn now to defendant's assertion no jurisdiction was obtained over it as to plaintiff's claimed breach of warranty, express or implied.

Defendant takes the position the contract provisions of section 617.3 as amended violate constitutional due process standards under the circumstances of the case at hand.

We conclude defendant's stand is without merit. The basic element of this challenge was for the most part resolved against defendant in McGee v. International Life Insurance Co., 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed.2d 223. There, under a related statute, the court held a foreign corporate insurance carrier was amenable to process in California even though the insurer had no agents or officers in that state. The court found the nonresident corporation had no vested right not to be sued on its insurance contract in the state of an insured's residence.

In the case now before us defendant apparently contends, in part, plaintiff's petition fails to disclose the privity essential to an action ex contractu. In this he must assume warranty stands in contract. However, upon the basis of the presentation here made it is neither necessary nor do we propose to now resolve that question.

It is to us evident Code section 617.3 does nothing more than provide a plaintiff claiming some right of action in contract or in tort with an Iowa forum for enforcement of an existing substantive right.

First recognized in the field of unwholesome foods the principle of products liability has been extended to other materials which create a hazard to the public if defective. State Farm Mut. Auto. Ins. Co. v. Anderson-Weber, Inc., 252 Iowa 1289, 1295, 110 N.W.2d 449; Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal. Rptr. 697; 377 P.2d 897; Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358, 161 A.2d 69, 75 A. L. R.2d 1; and Simpson v. Powered Products of Mich., Inc., 24 Conn. Supp. 409, 192 A.2d 555. See also annotations, 80 A. L. R.2d at pages 476 and 590, and 78 A. L. R.2d 460.

With this expanded doctrine of liability there has also developed a "no-privity" concept.

We originally gave recognition to this humanitarian theory in Davis v. Van Camp Packing Co., 189 Iowa 775, 786–796, 176 N.W. 382, 17 A. L. R. 649.

Then in State Farm Mut. Auto. Ins. Co. v. Anderson-Weber, Inc., 252 Iowa 1289, 1301, 110 N.W.2d 449, we said: "In Iowa the old rule of nonliability for negligence of a manufacturer of goods except to one in privity of contract has been repudiated. See discussion in Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 153, 106 N.W.2d 351, 356 [84 A. L. R.2d 689], and citations.

"The same reasoning applies in warranty as in negligence cases."

These conclusions were at least given limited expression in our recently enacted Uniform Commercial Code, chapter 413, Laws of the Sixty-first General Assembly. Section 2318 of that Act provides as follows: "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Harper and James, The Law of Torts, section 28.16, states the rule as to warranty in the area of products liability in these terms: "* * * where commodities are dangerous to life and health, society's interest transcends that of protecting reasonable business expectations. It extends to minimizing the danger to consumers and putting the burden of their losses on those who best can minimize the danger and distribute equitably the losses that do occur. And since the warranties involved in these cases do not represent the expressed or implied-in-fact intent of bargainers, but are warranties imposed by law as vehicles of social policy, the courts should extend them as far as the relevant social policy requires. The interest in consumer protection calls for warranties by the maker that *do* run with the goods, to reach all who are likely to be hurt by the use of the unfit commodity for a purpose ordinarily to be expected."

When a manufacturer, distributor, producer or retailer markets a product with representations as to its condition there should most certainly be imposed a strict accountability where the ultimate consumer relies upon those representations and suffers injury because the product did not conform to them.

The same is true as to an implied warranty that a product is reasonably safe, suitable and fit for its intended use.

In this connection our remaining and determinative issue is whether the trial court was vested with requisite jurisdiction over the person of defendant as to plaintiff's claimed right of redress for breach of warranties.

Jurisdiction over the person is acquired by service of process upon a defendant or by his consent. Stucker v. County of Muscatine, 249 Iowa 485, 490, 87 N.W.2d 452. Since consent is admittedly nonexistent in the case now before us, our question is whether jurisdiction was acquired by requisite process.

As has already been determined the trial court obtained good and sufficient jurisdiction over defendant upon plaintiff's claim based upon alleged negligence.

This brings us to the matter of different causes of action and one cause of action asserted upon multiple theories or concepts of the law.

In Davis v. Mater, 248 Iowa 1, 2, 3, 79 N.W.2d 400, we held in effect it is not only permissible but necessary for a party plaintiff to include all theories of recovery in his petition and that he may not divide a single cause of action into different actions. See also Berger v. Amana Society, 253 Iowa 378, 383, 111 N.W.2d 753.

In the case at hand it is evident plaintiff does not assert two or more independent causes of action. He in fact alleges one cause premised upon different legal theories. See Page v. Koss Construction Co., 219 Iowa 1017, 257 N.W. 426.

The mere fact plaintiff's petition contains several counts does not mean he asserts more than one basic cause of action. Baker v. Baker, 220 Iowa 1216, 264 N.W. 116, 103 A. L. R. 995. A cause of action may be single even though the petition asserts in separate counts different and even inconsistent legal theories. Rule 22, R. C. P.; Connell v. Hays, 255 Iowa 261,

271, 122 N.W.2d 341; Weaver Construction Co. v. Farmers National Bank, 253 Iowa 1280, 1291, 115 N.W.2d 804; and Blakeley v. Estate of Shortal, 236 Iowa 787, 790, 20 N.W.2d 28.

Here we look to plaintiff's prayer for relief which discloses he seeks one remedy. In re Estate of Hoelscher, 249 Iowa 444, 449, 87 N.W.2d 446.

 We are satisfied jurisdiction as to one cause of action gives jurisdiction as to all theories or concepts of the law upon which a plaintiff may seek any one remedy.

Stated otherwise, where as here the court has obtained jurisdiction over the defendant as to any cause of action, it has jurisdiction for all purposes related to that cause even though it be asserted under separate counts based upon different theories or concepts of the law.

 Plaintiff's petition asserts, in substance, defendant caused its product to be delivered into the hands of an Iowa retailer for sale to the general public. For our purpose this pleading is sufficient to disclose defendant was "doing business" in this state as the term is here employed. Section 617.3, Code, 1962; International Shoe Co. v. State of Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A. L. R. 1057; Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 346 P.2d 409; Parris v. H. G. Fischer & Co., 219 N. C. 292, 13 S.E.2d 540, 543, 544; and Snipes v. Commercial & Industrial Bank, 225 Miss. 345, 83 So.2d 179, 183. To the extent required, this, together with other allegations previously set forth, discloses the minimum requirements sufficient to subject defendant to process under our "long-arm statute", clearly measuring up to any constitutional requirements of fair play and substantial justice.

Confining ourselves to the matter of pleadings, we are satisfied the requisite jurisdiction was here obtained as to plaintiff's claimed right of action.

We do not presume to here determine whether plaintiff's evidence will support any one or more of his theories. This can only be resolved according to the evidence presented in trial.

We simply conclude the trial court has jurisdiction to entertain plaintiff's alleged cause of action in its entirety.

X. Next, defendant asserts the application of section 617.3, Code, 1962, cannot be of benefit to plaintiff because of the rule against retrospective application of the Act.

It is apparently the contention of defendant that to apply the amendment of 1963 to the case now before us would compel a retroactive application of the law. In taking this position defendant points to Hill v. Electronics Corp. of America, 253 Iowa 581, 113 N.W.2d 313. But that case does not accord to defendant the benefits it now seeks.

Seemingly defendant's stand is based upon the theory it is not the date of injury which determines applicability of the law here in question. Upon this premise defendant conversely asserts the date of manufacture, production or distribution of the offending product controls. This is clearly an erroneous position.

Restatement, Conflict of Laws, section 377, says: "The place of wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place."

We adopted this principle in Andersen v. National Presto Industries, Inc., supra, at page 915 of 257 Iowa, 135 N.W.2d at page 641.

See also in this connection Gardner v. Beck, 195 Iowa 62, 64, 189 N.W. 962; Hearne v. Dow-Badische Chemical Co., 224 F. Supp. 90; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761; 65 C. J. S., Negligence, section 175(b), page 855; and 38 Am. Jur., Negligence, section 28, page 673.

No citation of authority is necessary to support the proposition a legal cause of action in tort can only exist or accrue when injury or damage has been suffered by a person as the proximate result of negligence on the part of another. The pregnant negligence of the manufacturer, producer or distributor of a product gives birth to the cause of action when and where an injury occurs.

As previously pointed out, chapter 325, Laws of the Sixtieth General Assembly, became effective July 4, 1963. Plaintiff's decedent was injured and died as the claimed result of an explosion of the solution on September 21, 1963. It is thus

apparent plaintiff does not seek to invoke section 617.3 retroactively.

XI. However, defendant takes the position it is not a manufacturer and not subject to the 1963 amendment.

This matter was discussed in Rauch v. American Radiator & Standard San. Corp., 252 Iowa 1, 10, 104 N.W.2d 607. We there by reference adopted the precepts set forth in Restatement of the Law of Torts, sections 388, 400, 401 and 402, holding in brief that one who puts out as his own a chattel manufactured by another is subject to the same liability as though he had in fact manufactured the product. See also Wagner v. Larson, 257 Iowa 1202, 1225, 136 N.W.2d 312, 325.

Defendant admits it was incorporated for the purpose of manufacturing, distributing and selling water repellent materials; the solution was custom compounded for it by another company in accord with defendant's directions, using component parts ordered by it; packaged in containers with labels supplied by defendant; then warehoused and shipped to purchasers in accord with defendant's shipping orders.

We conclude defendant's claimed exemption from responsibility because it is not the actual manufacturer is without merit.

XII. We also find no substance to the claim made by defendant that plaintiff's petition fails to allege defendant committed a tort in whole or in part within this state.

Conceding plaintiff did not specifically employ these words, it still remains the ultimate facts set forth in plaintiff's petition unmistakably amount to this assertion and unavoidably lead to that conclusion.

As we pointed out in Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, a plaintiff's pleading may be amenable to a motion for more specific statement, but the petition still state a cause of action under the facts set forth. See also Shriver v. Cook, 256 Iowa 271, 278, 127 N.W.2d 102.

XIII. The order of the trial court must be affirmed, and this case remanded for further proceedings.—Affirmed and remanded.

All JUSTICES concur.

SUPPLEMENTAL OPINION

RAWLINGS, J.—The opinion filed herein April 5, 1966, is hereby supplemented as follows:

Our prior opinion cited Flinn v. Western Mut. Life Assn., 187 Iowa 507, 510, 171 N.W. 711, as holding a defendant interposing a plea to the jurisdiction of the court has the burden to sustain that plea. The statement to this effect in the cited case is not approved.

We have held and now hold that when a defendant, by special appearance, makes a direct attack upon the jurisdiction of a court the burden is on plaintiff to sustain the requisite jurisdiction, but once a prima facie showing has been made by him the burden of going forward with the evidence is upon defendant to overcome or rebut, if possible, such prima facie case. Julson v. Julson, 255 Iowa 301, 303, 122 N.W.2d 329; Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 90, 116 N.W.2d 455; Hill v. Electronics Corp. of America, 253 Iowa 581, 590, 113 N.W.2d 313; Gibbs v. Farmers & Merchants State Bank, 123 Iowa 736, 741, 742, 99 N.W. 703; 31A C. J. S., Evidence, section 110, page 184; 72 C. J. S., Process, section 112(c), page 1164; and 20 Am. Jur., Evidence, section 133, page 136.

For clarity, the fourth and final paragraph of Division V of our original opinion is stricken and in lieu thereof we state as follows: This then leads us to conclude the trial court found plaintiff, aided by the presumption of constitutionality which attends all legislative enactments, made his prima facie case and sustained his burden of proof which was not overcome or rebutted by defendant's showing. We agree.

Upon the filing of this supplemental opinion defendant's petition for rehearing is denied.—Affirmed and remanded.

All JUSTICES concur except THORNTON, J., not sitting.