## WELLER, Adm'r, v. HAWES.

1. **Presumptions:** EVIDENCE. When the evidence submitted to the court below leaves a question of fact in doubt, the Supreme Court will not reverse the finding below.

2. **Guaranty:** DEMAND AND NOTICE. A failure to make demand and give notice of non-payment is not a defense to an action on a guaranty in the absence of a showing that the defendant has suffered prejudice by reason thereof.

*Appeal from Chickasaw District Court.*

WEDNESDAY, JANUARY 10.

DEFENDANT sued as guarantor of a note of $1,000, given by his son to the decedent.

Defense: No consideration to support the guaranty; no demand and notice of protest; maker solvent when suit brought. These issues tried by the court and found for plaintiff.

Defendant moved for a new trial which was overruled; upon his exception the case is here for revision.

*McClintock* and *Case* for the appellant.

*Crosby* for the appellee.

LOWE, J. — The court, in trying the case, found no facts. By the record, we are limited to the question, whether the court erred in overruling the motion for a new trial, based upon the ground that the finding and decisions of the court were against law and evidence, and also on account of the supposed erroneous admission of certain testimony.

The first point which counsel for appellant make is, that 1. PRESUMP- the guaranty was without consideration, having TION: evidence. been given after the execution and delivery of the note. But whether it was so given is a controverted

question, which the evidence leaves in too much doubt to justify us in disturbing the finding of the court thereon.

It is conceded that the evidence, showing a demand and notice of non-payment to the guarantor, is not satisfactory; but this is not material, unless it shall further appear that the defendant has suffered prejudice therefrom. The testimony bearing upon the question of insolvency of the maker of the note, when carefully considered as a whole, is equally strong for the plaintiff as for the defense, even aside from that which was admitted against the objection of the defendant. Therefore we could not, consistently with our established rules of practice on this subject, hold that the court erred in overruling the motion for a new trial.

<span style="margin-left:2em">2. GUAR-<br>ANTY: de-<br>mand and<br>notice.</span>

Affirmed.