GEO. W. LITTLE, ET AL, Appellees, v. MINNEAPOLIS THRESHING
MACHINE COMPANY, Appellant.

**Original notice:** SERVICE UPON CORPORATION. A general agent of a corporation upon whom service of notice of suit may be made is one authorized to transact the business of the corporation at a particular place, or of a particular kind, generally; and to confer jurisdiction there must be sufficient proof of such agency. In the instant case the evidence is held to sustain the finding of the trial court that the person upon whom the service was made was the general agent of the defendant corporation, within the meaning of the statute.

*Appeal from Pottawattamie District Court.*—HON. O. D.
WHEELER, Judge.

MONDAY, JUNE 29, 1914.

ACTION to remove the foreclosure of a chattel mortgage by notice and sale to the district court of Pottawattamie county. The foreclosure was commenced by Geo. B. Lane, and he caused notice to be served upon plaintiffs Geo. W. Little et al. Little et al. then brought action to enjoin the foreclosure and to remove the same to the district court, making Lane and the defendant herein parties defendant. Lane appeared and filed answer and cross-petition asking foreclosure of the mortgage. The Threshing Machine Company was made a party because it was the original payee of the note secured by the chattel mortgage. It entered a special appearance and objected to the service of the notice, and claimed that the court had no jurisdiction over it. The trial court held the notice sufficient, and that it had jurisdiction, and the company appeals.—*Affirmed.*

*I. N. Flickinger, Clifford Powell,* and *J. J. Stewart,* for appellant.

*Kimball & Peterson,* for appellees.

Deemer, J.—Defendant and appellant, the Threshing Machine Company, is a non-resident corporation, and at one time held a chattel mortgage upon a traction engine and other property to secure a note executed by George W. Little et al. The note was transferred by the Threshing Machine Company to Geo. B. Lane, and he (Lane) commenced foreclosure of the mortgage by notice and sale. Little and others then brought suit to enjoin the sale and to remove the proceedings to the district court of Pottawattamie county under the statute authorizing such procedure, making Lane and the Threshing Machine Company parties defendant, and alleging that Lane was not the owner of the note and mortgage; that the note and the mortgage were without consideration, and void, and praying for an accounting, etc.

Lane appeared and filed an answer and a cross-petition asking the foreclosure of the mortgage. Service of the original notice on the Threshing Machine Company was as follows:

State of Iowa, Cerro Gordo County—ss.: I hereby certify that the within notice came into my hands for service on the 11th day of December, A. D. 1911, and that I served the same on the within named defendant, the Minneapolis Threshing Machine Co., by serving the same on M. J. Hughes, manager of the said Minneapolis Threshing Machine Co., of Mason City, Iowa, by offering to read the same to him, which he waived, and delivering to him a true copy thereof on the 18th day of December, A. D. 1911, in Mason City, Cerro Gordo county, Iowa.

W. A. Holdren, Sheriff,
By J. C. Buchanan, Deputy.

The Threshing Machine Company entered a special appearance and objected to the jurisdiction of the court, claiming that the notice was and is insufficient, in that it was not served upon any general agent of the company, or upon an agent having anything to do with the business out of which the mortgage grew.

Plaintiffs filed a resistance in which they claimed that Hughes, the agent upon whom service was made in Cerro Gordo county, was a general agent of the defendant company in said county, and that there was no such agent in Potta- wattamie county, Iowa. No claim was made that the Cerro Gordo county agent had anything to do with the subject of the action, and plaintiffs' sole reliance is upon the proposition that Hughes, the person upon whom the notice was served, was a general agent of the defendant company at Mason City, Iowa. Section 3529 of the Code Supplement provides that:

If the action is against . . . any foreign corporation, service may be made upon any general agent of such corpora- tion, company or person, wherever found, or upon any station, ticket or other agent or person transacting the business thereof or selling tickets therefor in the county where the action is brought; if there is no such agent in said county, then service may be had upon any such agent or person transacting said business in any other county.

Section 3532 of the Code provides that:

When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions, growing out of or connected with the business of that office or agency.

There is no contention that the service may be supported under this latter section, and we refer to it for its bearing upon the section of the Code Supplement first quoted. For the purpose of further elimination, it should be stated that no question is made regarding the venue of the action, doubtless for two reasons: First, because the foreclosure was commenced in Pottawattamie county; and, second, because the transaction originated there.

To sustain the ruling of the trial court it must be found that Hughes was a general agent of the defendant company, either for the state of Iowa, or for some particular part thereof. We may say here that no claim is made that the agency, if general, must be coextensive with the state, and we make no pronouncement upon that proposition. It will be observed that the return does not say in terms that Hughes was defendant's general agent; the statement is that he was manager of the company at Mason City, Iowa.

Assuming that this term is, or may be shown to be the equivalent of general agent, it may be that the return is sufficient on its face to show jurisdiction. But, however that may be, the parties produced testimony in the form of affidavits and exhibits upon the issue tendered, and the trial court found the service was good, on the theory that Hughes was shown to be a general agent of the defendant. This finding is challenged, and we are asked to hold to the contrary.

It may be, as appellees contend, that if there be a fair conflict in the testimony the conclusion of the trial court should be sustained, under the doctrine announced in *Weller v. Hawes,* 19 Iowa, 443, and *Galvin v. Dailey,* 109 Iowa, 332. But, as the matter in issue relates to the jurisdiction of the court, there must be enough testimony to fairly sustain the holding.

A "general agent" is one who is authorized to transact all the business of his principal at a particular place or of a particular kind, generally. The showing made for plaintiff in support of the service is a statement, said to have been made by one Anderson, the city sales agent of the defendant in Minneapolis, Minn., to the effect that Hughes was general manager at Mason City, Iowa, and had a number of agents under him, and had charge of the Mason City branch. This agent also wrote, at the suggestion of the affiant, a statement that Hughes was the manager of the defendant at Mason City, Iowa. Another witness said that he had done business

for the defendant in Cerro Gordo county for more than two years; that he was acquainted with Hughes; and that he knew:

> That he is a general agent in the state of Iowa for the Minneapolis Threshing Machine Company. He has charge of the general business of said company in the state of Iowa, has the general supervision and control and charge of the corporation in the state of Iowa, and, from observation in dealing with M. J. Hughes and the Minneapolis Threshing Machine Company, I know he is the only general agent and manager of said corporation in the state of Iowa.

A catalogue was also introduced in evidence which stated that the defendant had general agencies at various places, among others, Mason City, Iowa. Whether or not this was issued by the defendant company or by the Universal Tractor Company is a matter in dispute; but, however this may be, the catalogue was sent out on request by the defendant in response to an inquiry therefor. Defendant introduced testimony to show that its general agent for Southwestern Iowa was one Cooper, residing at Lincoln, Neb., and that Hughes was nothing more than a local manager for certain counties in the northern and eastern part of the state of Iowa, for the sale of its manufactured products; that his employment was limited; and that he had no general management of the company's business. The showing on defendant's part is not entirely satisfactory regarding the powers and duties of Hughes in the territory for which he was agent, and this, as will be observed, covered something more than a mere sales agency in particular places, and on the whole record we are disposed to think that the finding of the trial court had sufficient support in the testimony.

The evidence shows that defendant itself sent out literature showing that it had a general agency at Mason City, Iowa, and one of its employees, who was in charge of its home office, although a city sales agent, upon proper inquiries to him in connection with what appeared to be a matter of

business, stated both orally and in writing that Hughes was a general agent at Mason City. Still another witness, who had dealings with the company and assumed to know, stated that Hughes was a general agent.

This was sufficient, as we think, to support the service of notice.

The order must be, and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.