THE MASSACHUSETTS PROTECTIVE ASSOCIATION, IN-CORPORATED, A CORPORATION, PROSECUTOR, v. LOUIS R. FREUND, JUDGE OF THE SECOND DISTRICT COURT OF THE CITY OF NEWARK, AND MICHAEL SILVER, RESPONDENTS.

Submitted October 15, 1935—Decided December 11, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *McCarter & English* and *Gerald M. McLaughlin*.

For the respondents, *Joseph E. Cohn*.

The opinion of the court was delivered by

CASE, J.   The writ brings up an order made by Judge Freund of the Second District Court of the city of Newark denying the motion of the present prosecutor, defendant in the District Court action, to set aside the service of summons and state of demand.

Michael Silver carried a health and accident policy issued by the Massachusetts Protective Association, Incorporated, on January 16th, 1922.   The state of demand alleged that an

illness began February 17th, 1935, resulting in both temporary and total disability under the policy and that the insurer, after paying some installments of compensation, refused to pay the remainder.

The proofs submitted upon the motion to set aside the service would sustain the following findings of fact: Samuel K. Spalding, with the knowledge, consent and authority of the Massachusetts Protective Association, Incorporated, is and has been during the period in question held out to the public as the general agent of that corporation. Under like auspices Mr. Spalding's office at 207 Market street, Newark, is and has been held out as the office of the company, through its general agent, in this state. Every policy issued by the association for delivery within this state comes to Mr. Spalding's office and there, in addition to such signatures as are already thereon, receives the signature of Mr. Spalding or, if the policy had been solicited by one of his subagents, by such; whereupon delivery to the assured is made by Mr. Spalding or under his direction. All premiums from within this state are paid at his office and receipts are there delivered. The specific instructions 'sent over the signature of the insured's secretary, printed upon the notices of premiums due, are "make payment to the M. P. A., Inc., 207 Market St., Rm. 1002, Newark, N. J."—Spalding's office. During the period of the policy coverage Silver has made numerous claims thereunder, and the checks in payment have invariably come to him from Mr. Spalding's office. With respect to the liability alleged in the present case, Silver had filed his notice of illness with Mr. Spalding, and all correspondence relating thereto had come from that office, as had also the disability checks until stoppage at the time of the insurer's denial of further liability.

From such facts the trial court spelled an agency sufficiently comprehensive to support service of the summons and the state of demand.

The jurisdiction of the District Court to entertain the action is under attack, and procedure by *certiorari* is therefore appropriate. *Dorman* v. *Usbe Building and Loan Association*, 115 *N. J. L.* 337; *Degenring* v. *Kimble*, 115 *Id.* 379.

Prosecutor contends that the only method of lawful service upon a foreign insurance company which is authorized to do business within this state and which has, in accordance with section 59 of the Insurance Company act, chapter 134, *Pamph. L.* 1902; 2 *Comp. Stat.*, *p.* 2838 (at *p.* 2855), amended chapter 299, *Pamph. L.* 1927; *ch.* 85, *Pamph. L.* 1935, constituted the commissioner of banking and insurance its attorney for the service of process is to make the service upon the commissioner in the manner described in that statute. Such service must be effected at the office of the commissioner, in the city of Trenton and county of Mercer. It has been held that the process of a District Court outside of the county of Mercer does not run into that county. *Valentine* v. *Franklin Surety Co., Inc.*, 11 *N. J. Mis. R.* 822. See, also, *Makohon* v. *Millers National Insurance Co.*, 12 *Id.* 282. Prosecutor's contention, therefore, put into operation, would mean that if an insurance company maintained a general agency in the city of Newark and actively engaged in business there, and in the course of its regular business made an insurance contract with a resident of that city, the insured, if he thereafter had cause to sue at law for no matter how small a sum, would either have to bring his action in the Supreme Court or journey to the county of Mercer in order to bring the action in a court of limited jurisdiction. Which seems very awkward and is not the law. The Insurance Company act in providing for service upon the commissioner of banking and insurance does not make that an exclusive method of service. *Friend* v. *Scottish Union, &c., Insurance Co.*, 103 *N. J. L.* 290.

It is further said that Spalding was not an "agent" for the service of process within the intent of section 46 of the District Court act, chapter 228, *Pamph. L.* 1898, amended chapter 116, *Pamph. L.* 1908, as construed by our cases in passing upon that section and upon its close counterpart, section 88 of the General Corporation act. 2 *Comp. Stat.*, *p.* 1653. Citation in support is made of *Norton* v. *Berlin Iron Bridge Co.*, 51 *N. J. L.* 442; *Erie Railroad Co.* v. *Van Allen*, 76 *Id.* 119; *Andersen* v. *Independent Order of Foresters*, 98 *Id.* 648; *Brainard* v. *N. Y., O. and W. Railway Co.*, 8 *N. J. Mis. R.* 326; *Palmyra* v. *Tacony-Palmyra Ferry Co.*,

10 *Id.* 1031, and *Mulhearn* v. *Press Publishing Co.,* 53 *N. J. L.* 150.

The foundation upon which the decisions rest is the constitutional provision that only by due process of law can courts acquire jurisdiction over parties (*Carroll* v. *New York, New Haven and Hartford Railroad Co.,* 65 *N. J. L.* 124); and the ultimate question is whether the foreign corporation has given a person a representative character inclusive of receiving service of process, either generally or specifically in a given case. That question must be answered in and out of each set of facts as presented. As was said by Mr. Justice Reed in the Mulhearn case, *supra,* "the line between those who represent and those who do not represent a foreign corporation for the purposes of this act cannot be defined by a formula." The prosecutor, a corporation, came into this state to transact its business, not an isolated transaction or a limited series of transactions, but business in the fullness and extent for which the corporation was formed. In so doing, it held Spalding out to the public as its general agent in this state. For instance, it provided and authorized the use of correspondence paper bearing this letterhead:

THE MASSACHUSETTS PROTECTIVE ASSOCIATION
INCORPORATED

| Worcester | Health and Accident Insurance | Massachusetts |

Organized
1895.
Charles A. Harrington, President

S. K. Spalding, General Agent,
207 Market Street, Room 1002,
Phone Market 2-3992.

That correspondence paper was used by Spalding in the transaction of prosecutor's business, and the letters written thereon were signed by him as "general agent" of the company. Inasmuch as the statutory method (the Insurance

Company act) of service is not exclusive, it seems that the insured's manner of suit and right of service may be considered independently of the statute; and this leads us to wonder whether, in the absence of that statutory provision, it would be considered that an insured, resident in this state, would, for lack of a representative to be served, be unable to sue herein, notwithstanding the prosecutor was here doing business, in the city of Newark, at the office of a man whom it held out as its general agent.

In disposing of prosecutor's motion the court below determined a mixed question of law and fact. No certificate of the facts so found is before us but we assume that the judge found the facts to be such as would sustain his legal conclusions. If there are proofs to sustain such a finding of fact, we should accept that finding. *Coles* v. *Blythe,* 69 *N. J. L.* 666. The evidence is such that the trial court could, and we assume did, find as a fact that the prosecutor held Spalding out as its general agent in the operation of its insurance business in this state and that the insured had notice thereof and no notice to the contrary. That being so, and the suit being grounded in an insurance claim, we think that the character of the agent is such that the law will imply the authority to receive service and that such implication will be made notwithstanding the present denial by the corporation of the authority. 21 *R. C. L.* 1352, § 100. *Seeman Brothers, Inc.,* v. *Goldberger,* 12 *N. J. Mis. R.* 170, cited by the prosecutor to the contrary is not pertinent.

We think, too, that the proofs sustain a finding that Spalding's agency went much further than the mere soliciting of new business and that he had sufficient charge of the company's business in this state to come within the theory of *Norton* v. *Berlin Iron Bridge Co., supra;* and, further, that even if it be considered that Spalding was not an agent of the corporation upon whom service could be made personally or by leaving at his home, yet the service was good within the provisions of the District Court act because it was at the corporation's usual place of business in this state. *Hygea Brewing Co.* v. *Erie Railroad Co.,* 76 *N. J. L.* 261. It is in prosecutor's proofs that the papers were served at the 207

Market street office. "When a foreign corporation comes into this state, it is liable to be served with process in such modes as the legislature prescribes, if such mode be reasonably calculated to bring home notice of the suit to the defendant corporation. * * * If service so made is reasonably calculated to bring home notice of the suit to the defendant corporation, the object of the statute is attained." *Smallbein* v. *Erie Railroad Co.,* 79 *Id.* 593.

We find no error in the order under review. The writ of *certiorari* will be dismissed, with costs.