EDWARD R. JOHNSON, appellee, v. AEROIL PRODUCTS Co., INC., a corporation, and SIOUX MACHINERY & SUPPLY Co., a corporation, appellants.

HOW IMPROVEMENT, INC., a corporation, appellee, v. AEROIL PRODUCTS Co., INC., and SIOUX MACHINERY & SUPPLY Co., corporations, appellants.

No. 51064.

(Reported in 124 N.W.2d 425)

November 12, 1963.

Whicher, Davis & Yaneff, of Sioux City, for appellants.

Stilwill, Wilson & Rhinehart, of Sioux City, for appellees.

Moore, J.—Plaintiffs Edward R. Johnson and How Improvement, Inc., commenced separate actions against defendant Aeroil Products Co., Inc., a Delaware corporation, for damages caused by an explosion of a tar kettle alleged to have been manufactured, serviced and repaired by defendant. Original notice in each case was served by a Polk County deputy sheriff upon Robert H. Willems, designated in each return of service as agent of defendant. Special appearances were filed alleging defendant is a foreign corporation, not authorized nor doing business in Iowa and that Willems was merely an employee, not an officer, general or managing agent of defendant corporation. Both plaintiffs filed resistance alleging, among other things, that Willems was, at the time of service, regional manager of defendant and a general or managing agent through whom service could be made.

By agreement the two cases were consolidated and the issues raised by the special appearances were submitted together. Considerable evidence was offered by the parties. The trial court found Willems was such an agent or person upon whom proper service on defendant corporation could be made. After obtaining permission from us, defendant has appealed from the overruling of the special appearances. The cases remain consolidated. For sake of clarity we will refer to plaintiff rather than plaintiffs. Aeroil Products Co., Inc., will be referred to as defendant.

Defendant assigns and argues the court erred in (1) overruling its special appearance as Willems was not a proper party to be served under rule 56(f), Iowa Rules of Civil Procedure, and Iowa Code section 617.3, and (2) admitting evidence, over objection, on behalf of plaintiff to prove agency.

I. Hearing on a special appearance is at law and so not triable de novo in this court. The trial court's findings of fact have the status of a jury verdict. They may not be successfully challenged in this court if supported by any substantial evidence. If different inferences may be drawn from undisputed evidential facts the trial court's interpretation must be accepted. Little v. Minneapolis Threshing Mach. Co., 166 Iowa 651, 654, 147 N.W. 872, 873, and citations; Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 90, 116 N.W.2d 455, 457, and citations.

Rule 56, Iowa Rules of Civil Procedure, provides:

"Personal service. Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: * * *

"(f) Upon a * * * foreign corporation, by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, * * * ."

It is clear rule 56 provides personal service may be made upon a foreign corporation by serving any general or managing agent.

Rule 56(f) embraces parts of, but does not supersede, Code section 617.3 which provides:

"Public utility and foreign corporations. *If the action is against* any corporation or person owning or operating any railway or canal, steamboat or other river craft, or any telegraph, telephone, stage, coach, or car line, or against any express company, or against *any foreign corporation, service may be made upon any general agent of such corporation,* company, or person, *wherever found,* or upon any station, ticket, *or other agent, or person transacting the business thereof* or selling tickets therefor *in the county where the action is brought; if there is no such*

*agent in said county, then service may be had upon any such agent or person transacting said business in any other county."* We have supplied emphasis to indicate especially applicable parts.

■ In Kalbach v. Service Station Equip. Co., 207 Iowa 1077, 224 N.W. 73, we made a detailed analysis of the scope and effect of Code section 11072 which is now section 617.3. We held the section pertains to any foreign corporation and is not limited to businesses related to communications or transportation. We further held an original notice served in this state on a general agent of a foreign corporation where such agent is found transacting the corporation's business is valid notice on the corporation although it maintains no office or agency within this state. At page 1082, 207 Iowa, page 76, 224 N.W., it is said:

"We have noticed that the statute specifically states that a general agent may be served with notice wherever found. Of course this means within the limits of the state of Iowa. There are no qualifications, reservations, or limitations found in the particular statute. No constitutional question is involved. The legislature has defined the rule, and in the light of the rule so defined, this court must follow the legislative pathway."

See also De Claire Mink Ranches v. Federal Foods, Inc., 192 F. Supp. 148.

■ A general agent is one who is clothed with general authority to act for his principal. Kalbach v. Service Station Equip. Co., supra. In Little v. Minneapolis Threshing Mach. Co., 166 Iowa 651, 654, 147 N.W. 872, 873, we said: "A 'general agent' is one who is authorized to transact all the business of his principal at a particular place or of a particular kind, generally."

■ Hearing in the trial court was on affidavits attached to the special appearances and resistance thereto and oral testimony offered by the parties. It appears without dispute defendant is a Delaware corporation not authorized to do business in Iowa and has no office located in Iowa nor employees or agents employed in this state. At the time service was made the Midwest Roofers Convention was being held at the Hotel Fort Des Moines in Des

Moines. It was attended by those engaged in the roofing business in Iowa and several surrounding states. Several major companies, including defendant, had displays set up in the hotel ballroom. In defendant company's booth its representatives were demonstrating its equipment, explaining the advantages thereof and taking sales orders. Included in those present in the booth were Joseph Halperin, sales manager of defendant company, and Robert H. Willems. Plaintiff's witness Leo McGarry testified he had a conversation with Willems at defendant's booth about a particular kettle and was told by Willems he could buy it there. McGarry asked whom he should see when he returned. Willems then gave him his card. It is Exhibit 1 and reads:

"AEROIL
Est. 1917
AEROIL PRODUCTS COMPANY, INC.
Oil-fired, Gas-fired and Electrically-heated Industrial Equipment
4648 S. Western Ave., Chicago 9, Illinois.

| Robert (Bob) H. Willems | Bus. Lafayette 3-0543 |
| Regional Manager | Res. Tel. 678-2495 |
| | Area Code 312" |

After receiving the card McGarry asked Willems if he was the regional manager for Aeroil Products Co., Inc. Willems said yes, he was the regional manager. Plaintiff's witness Donald O'Rourke testified he was present when Willems handed his card to McGarry. The next day the original notices were served at defendant's booth. Willems testified he had been defendant's employee for 28 years, the last two as warehouseman in Chicago, he was on straight salary, not authorized to fix prices or complete sales, he was not acquainted with Johnson or any official of How Improvement, Inc., and that his direct superior is Halperin. He stated defendant had furnished him cards such as Exhibit 1 and he was using them at defendant's convention booth in Des Moines. Halperin testified Willems is directly under his control and supervision at the Chicago warehouse, he furnished Willems' name to Midwest Roofers Association to serve on a panel on roof repair and maintenance but that he (Halperin) appeared on the panel in lieu of Willems. He stated Willems is not an officer of

defendant company and is without authority to fix prices or to complete sales as all orders are subject to approval at the company's office at South Hackensack, New Jersey.

In Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 95, 96, 116 N.W.2d 455, 460, we said: "Apparent authority, as between the principal and the third persons, must be determined by what the principal said and did rather than by the acts or statements of the purported agent." See also Chismore v. Marion Savings Bank, 221 Iowa 1256, 1260, 268 N.W. 137, 139, and citations. In Little v. Minneapolis Threshing Mach. Co., supra, 166 Iowa 651, 147 N.W. 872, defendant sent out literature showing it had a general agency in Mason City. Significance was given to this fact in holding one Hughes was defendant's general agent in Mason City upon whom valid service of an original notice was made on the corporation.

Having designated Willems as its regional manager, sending him to the roofers' convention as its representative, permitting him to demonstrate and sell its products in its booth, allowing him to hand out cards and state orally that he was its regional manager is conduct by defendant from which the trial court might well find he was in fact at least defendant's general agent and transacting its business. Such a holding is supported by these cases: Halpern v. Pennsylvania Lumber Industries, 137 Misc. 688, 244 N. Y. S. 372; Italian-Swiss Agricultural Colony v. Pease, 194 Ill. 98, 62 N.E. 317; Pollock v. Carolina Interstate Building & Loan Assn., 48 S. C. 65, 25 S.E. 977, 59 Am. St. Rep. 695; Massachusetts Protective Assn. v. Freund, 116 N. J. Law 65, 181 A. 905; Consolidated Indemnity & Ins. Co. v. Alliance Cas. Co., Second Cir., 68 F.2d 21.

██ II. Under its second assignment defendant argues McGarry's testimony of Willems' statements and use of cards at defendant's booth was extrajudicial and as such should not have been received to prove agency over its objections. The obvious answer to this is that Willems gave the same testimony. We have repeatedly held that an agent may testify as to his authority. Security National Bank v. Bigelow, 205 Iowa 695, 216 N.W. 96, and citations. We need not decide whether the court erred in admitting this evidence. No prejudice could result for the reason

substantially the same facts are established by Willems' testimony and defendant's acts and conduct.

On the whole record we hold the trial court's overruling of the special appearances is supported by substantial evidence.— Affirmed.

All JUSTICES concur.