**Donald Lee HOVEY, Appellant,**

v.

**Chester C. ELSON, Defendant,**

**and**

**The United Benefit Life Insurance Company of Omaha, Nebraska, Appellee.**

No. 64655.

Supreme Court of Iowa.

March 18, 1981.

Marvin V. Colton, Albia, for appellant.

Ralph K. Denny, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

ALLBEE, Justice.

The question presented by this interlocutory appeal concerns the propriety of trial court's ruling sustaining the special appearance of defendant The United Benefit Life Insurance Company of Omaha, Nebraska. We conclude that under the record before us trial court's ruling is not supported by substantial evidence, consequently we must reverse.

Plaintiff Donald Lee Hovey commenced this action in the Polk County District Court on April 4, 1979, alleging the breach of an employment contract by defendants Chester C. Elson and United Benefit, a Nebraska corporation. A copy of the contract, signed by plaintiff and Elson, was incorporated by reference and attached to the petition. In essence, plaintiff alleged that United Benefit and Elson, as its agent, had refused to compensate plaintiff for services performed under the contract. Service of process upon both defendants was attempted by delivering copies of the original notice and attached petition to Elson in Des Moines. United Benefit filed a special appearance on April 24, contending that the district court was without jurisdiction due to plaintiff's failure to serve the company, a foreign insurance corporation, "in accordance with the statutes of the State of Iowa." On May 11, Judge Gibson C. Holliday sustained the special appearance.

Plaintiff subsequently amended his petition, and alleged Elson to be a "general agent" for United Benefit at all times material to the action, "operating within the scope and course of its general agency." Service of the amended petition on both defendants was again attempted by delivering copies to Elson. United Benefit then filed a second special appearance, alleging a lack of jurisdiction on the same ground previously asserted. On January 4, 1980, following a nonevidentiary hearing, trial court sustained the second special appearance, based upon plaintiff's failure to serve United Benefit in accordance with sections 511.27 and 511.28, The Code 1979. This interlocutory appeal followed.

The threshold question is whether sections 511.27 and 511.28 provide the exclusive means by which service of process upon United Benefit, a foreign insurance corporation, could be accomplished in this action. Section 511.27 designates the Iowa Commissioner of Insurance as the process agent for life insurance companies or associations transacting business in Iowa but organized under the laws of other states or countries.[1] The procedure by which such notice or process may be perfected is prescribed by section 511.28.[2] In this case, plaintiff did not comply with the procedure delineated by

---

1. Section 511.27 provides as follows:

 Commissioner as process agent. Every life insurance company and association organized under the laws of another state or country shall, before receiving a certificate to do business in this state or any renewal thereof, file in the office of the commissioner of insurance an agreement in writing that thereafter service of notice or process of any kind may be made on the commissioner, and when so made shall be as valid, binding, and effective for all purposes as if served upon the company according to the laws of this or any other state, and waiving all claim or right of error by reason of such acknowledgment of service.

2. Section 511.28 provides as follows:

 Service of process. Such notice or process, with a copy thereof, may be mailed to the commissioner at Des Moines, Iowa, in a certified mail letter addressed to him by his official title, and he shall immediately upon its receipt acknowledge service thereon on behalf of the defendant foreign insurance company by writing thereon, giving the date thereof, and shall immediately return such notice or process in a certified mail letter to the clerk of the court in which the suit is pending, addressed to him by his official title, and shall also forthwith mail such copy, with a copy of his acknowledgment of service written thereon, in a certified mail letter addressed to the person or corporation who shall be named or designated by such company in such written instrument.

these statutory measures, and United Benefit contends that service of process was therefore insufficient.

Although sections 511.27 and 511.28 state that service *may* be made on the commissioner of insurance for foreign insurance corporations, they do not purport to furnish the exclusive means by which service upon such corporations may be accomplished. That the method of service prescribed by these sections was intended to be nonexclusive is made clear by section 511.29: "The provisions of sections 511.27 and 511.28 are merely additions to the general provisions of law on the subjects therein referred to, and are not to be construed to be exclusive."

United Benefit acknowledges section 511.29 but argues that in the absence of other legislative provisions for service on foreign insurance corporations, sections 511.27 and 511.28 afford the exclusive procedure for service of process. The only additional provision pertaining to service of process on such corporations, United Benefit asserts, is section 617.5, which by its own terms is inapplicable in this action.[3] Thus, United Benefit contends that sections 511.-27 and 511.28 prescribe the exclusive procedure for service upon it in this case.

 This argument, however, overlooks at least two alternative means by which service could be made upon United Benefit. Section 617.3, The Code 1979, provides in pertinent part that in an action "against any ... foreign corporation, service may be made upon any general agent of such corporation ... wherever found ...." Similarly, Iowa R.Civ.P. 56.2 states that service of process may be had as provided in rule 56.1, within or without the state, on a corporation that has the necessary minimum contact with the state of Iowa. Rule 56.1(f) permits personal service to be made upon a foreign corporation by serving "any general or managing agent." There is nothing to

suggest that foreign insurance corporations such as United Benefit were intended to be excluded from the "foreign corporations" to which the method of personal service contemplated by these provisions is applicable. The express nonexclusivity of the means of service prescribed by sections 511.27 and 511.28 further bolsters our conclusion that section 617.3 and rules 56.1(f) and 56.2 afford alternate methods of service in this case.

 United Benefit does not allege that it has not maintained the minimum contacts necessary for the Iowa courts to invoke jurisdiction. Thus, the only remaining question is whether plaintiff's service of process on Elson complied with the procedure contemplated by the alternate methods of process; that is, whether Elson may properly be considered the general agent of United Benefit for purposes of invoking jurisdiction. Our scope of review in passing upon a special appearance has been discussed in several recent decisions. We accept the allegations of the petition as true. *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980); *Berkley International Co. v. Devine*, 289 N.W.2d 600, 602 (Iowa 1980). Plaintiff has the burden to sustain the requisite jurisdiction; however, once a prima facie case has been established, the burden shifts to the defendant to produce evidence to rebut or overcome the prima facie showing. *Id.* The trial court's findings of fact have the force and effect of a jury verdict and may be successfully challenged on appeal only if not supported by substantial evidence. *Johnson v. Aeroil Products Co.*, 255 Iowa 931, 933, 124 N.W.2d 425, 426 (1963).

 Turning to the record in the case at bar, we are unable to find substantial evidence to support trial court's ruling sustaining United Benefit's special appearance. In his petition, plaintiff alleged that Elson acted as the agent of United Benefit at all times material to this action; his amended petition contained the more specific allegation that Elson served as a general agent of

---

**3.** Section 617.5, The Code 1979, provides for service upon "any general agent ... wherever found, or upon any recording agent or agent who has authority to issue policies" in an action against an insurance company "for loss or damage upon any contract *of insurance or indemnity.*" (Emphasis added.) Because the contract involved in this action is one of employment, this section is inapplicable.

the company. The contract copy attached to the petition both listed Elson as "general agent" of United Benefit and contained what was purported to be his signature in that capacity. Under these circumstances, we conclude that plaintiff has established for jurisdictional purposes a prima facie showing that Elson acted as a general agent of United Benefit. Consequently, the burden shifted to United Benefit to produce evidence which would rebut that prima facie showing. The record before us, however, contains no denial by United Benefit of Elson's alleged status as its general agent. While trial court in its ruling stated that United Benefit had denied that Elson acted in that capacity, our examination of the record discloses nothing to substantiate that finding. Under this record we conclude trial court's ruling is not supported by substantial evidence, and that plaintiff's service of process on Elson as "general agent" of United Benefit comported with the procedure prescribed both by section 617.3 and rules 56.1(f) and 56.2.

Trial court's ruling is reversed. Because both the appendix and brief filed by plaintiff fall short of the requirements of Iowa R.App.P. 16(a), the certified cost of the printing of those documents will not be taxed to defendant.

REVERSED.