**William H. LIFE and Nancy C. Life, Husband and Wife; Rose Marie Life, a Minor, by William H. Life, Her Father and Next Friend, Plaintiffs–Appellees,**

v.

**BEST REFRIGERATED EXPRESS, INC.; David A. Mumm, Defendants–Appellants.**

**No. 87–1006.**

Court of Appeals of Iowa.

April 25, 1989.

---

John R. Leed, Council Bluffs, for defendants-appellants.

Jack J. White of Kellogg & Kellogg, P.C., Missouri Valley, for plaintiffs-appellees.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The defendant, Best Refrigerated Express, Inc., appeals the decision of the district court overruling its motion to set aside a default judgment and its special appearance.[1] It contends the district court did not have personal jurisdiction to enter the default judgment. Best Refrigerated alleges deficient service of process; minimum contacts are not in issue. We affirm the decision of the district court.

The defendant, Best Refrigerated Express, Inc., is a Nebraska corporation with its corporate address at 4949 South 36th Street, Omaha, Douglas County, Nebraska. It is authorized to do business in the State of Iowa and has a designated registered agent in this state for the purposes of service of process.

---

1. We do not address the issue of whether the defendant, by filing the motion to set aside the default judgment, consented to the general jurisdiction of the court, for the parties neither raised that issue at the hearing nor was it raised on appeal. We do note, however, that, for the most part, the allegations of the motion to set aside the default judgment relate to jurisdictional questions and, thus, may not be a waiver of the special appearance. *See E & M Mach. Tool v. Continental Mach. Products,* 316 N.W.2d 900 (Iowa 1982).

On February 4, 1986, one of Best's trucks was involved in a collision in Harrison County, Iowa, with an automobile driven by the plaintiff William Long. The driver of the truck is the other defendant, David A. Munn, who is not involved in this appeal.

The plaintiffs filed suit against Best in the Iowa district court for Harrison County. The original notice with a copy of the petition attached was mailed to the Sheriff of Douglas County, Nebraska, directing the Sheriff to serve defendant Best at its corporate address. The sheriff did so by personally serving Robert Hansen, the office manager of the corporation. The return of service, which is by affidavit, states that the original notice and attached copy of the petition were served upon the defendant Best by personally serving Robert Hansen, Office Manager, at 4949 South 36th Street, Omaha, Nebraska. Best Refrigerated did not enter an appearance nor did it answer within the time limit fixed in the original notice. Plaintiffs then obtained a default judgment.

The notice of entry of the default judgment was mailed to the defendant Best at this same corporate address. In its motion to set aside default, Best claimed it had no notice of the petition filed against it until receiving the notice of entry of default from the clerk of court. It then filed its special appearance and motion to set aside default.

Our scope of review when ruling upon issues proceeding from a special appearance is on errors assigned. *Hovey v. Elson*, 303 N.W.2d 132, 133 (Iowa 1981). We accept the allegations of the petition as true. *Id.* The plaintiff has the burden to prove requisite jurisdiction. *Id.* However, once a prima facie case has been established, the burden shifts to the defendant to produce evidence to rebut this showing. *Id.* The trial court's findings of fact are entitled to the same weight as a jury verdict and may be successfully challenged on appeal only if not supported by substantial evidence. *Id.*

Hearing on Best Refrigerated's motions to set aside the default judgment and its special appearance was held on May 4, 1987. The only evidence submitted by Best was an affidavit by its secretary-treasurer that merely stated that Robert Hansen was not "an officer or general or managing agent" of Best Refrigerated. No specific facts were offered into evidence to support this general denial even though the trial court invited the defendant to make additional record. The court, on June 16, overruled the defendant's special appearance and its motion to set aside default and did so again on July 17 on Best's motion to reconsider.

The threshold question is whether Iowa Rule of Civil Procedure 56.1 and Iowa Code section 617.3 provide the exclusive means by which service of process upon Best, a foreign corporation, outside the limits of the State of Iowa could be accomplished. At issue is whether the Iowa court had jurisdiction, by virtue of the method of service on Best, to enter personal judgment against it. If it did not, then the judgment rendered is void.

In this case, there was not personal service of notice on defendant within the State of Iowa. In this respect, jurisdiction of the person in a civil action may be acquired by service of notice pursuant to a rule or statute or by a general appearance. *Emery Transportation Co. v. Baker*, 257 Iowa 1260, 136 N.W.2d 529, 531 (1965).

We agree with the defendant that plaintiff did not comply with any part of the second paragraph of the "long-arm" provisions of section 617.3. Thus, that section cannot be relied on for jurisdictional purposes. This is so for service was not made on the registered agent nor through the Secretary of State.

We also agree with the defendant that the first paragraph of section 617.3 is not of any help to the plaintiff. It is true that paragraph provides that in an action against a foreign corporation, service may be made upon any general agent of such corporation "wherever found." But, that provision has been interpreted to mean that to have a valid notice the general agent must be served within the limits of the State of Iowa. *Johnson v. Aeroil Prod-*

*ucts Co.,* 255 Iowa 931, 124 N.W.2d 425, 426–27 (1963).

But the defendant overlooks at least one alternative means by which service can be made upon it. Rule 56.2 provides:

> **Alternate method of service.** *Every corporation,* ... *that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such corporation,* ... *amenable to suit in Iowa in every case not contrary to the provisions of the constitution of the United States.*
>
> *Service may be made on any such corporation,* ... *(a) as provided in R.C.P. 56.1 within or without the state,* or (b) if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought.
>
> Nothing herein shall limit or affect the right to serve an original notice upon any corporation, ... *within or without this state,* in any manner now or hereafter permitted by statute or rule.

Iowa R.Civ.P. 56.2 (emphasis added).

Thus, when service is made pursuant to rule 56.2 and in accordance with rule 56.1, Iowa courts may have jurisdiction. Rule 56.1 provides in pertinent part that personal service may be made:

> (f) Upon a ... *foreign corporation, by serving* any present or acting or last known officer thereof, *or any general or managing agent,* or any agent or person now authorized by appointment or by law to receive service of original notice, . . . .
>
> \*   \*   \*   \*   \*   \*
>
> (*l*) Upon any ... corporation, ... which shall have filed in this state a consent to service, or shall be subject to service, in any special manner provided by the statutes of this state, either as provided in these rules or as provided in any such consent to service, or in accordance with any such statute relating thereto.

Iowa R.Civ.P. 56.1 (emphasis added).

As the court stated in *Larsen v. Scholl,* 296 N.W.2d 785 (Iowa 1980): "It is apparent the above rule [rule 56.2] unlike Iowa's older 'long-arm' statute, § 617.3 The Code, ('foreign corporations or nonresidents contracting or committing torts in Iowa') expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution." It is expanded to include those having the "necessary minimum contacts" with this state.

In appeals of this kind where jurisdiction depends upon personal service outside of the state, the "legal analysis ordinarily involves a two-step examination of (1) whether a statute or rule exists authorizing exercise of jurisdiction and (2) whether such exercise of jurisdiction would offend the due process principles embodied in the United States Constitution." *Larsen,* 296 N.W.2d at 787. It is clear that rule 56.2 authorizes the exercise of jurisdiction.

We need not discuss the first step. Nor need we examine the second step for Best does not raise constitutional issues of due process. The vehicular accident occurred in Iowa.

■ The only remaining question is whether plaintiff's service of process on Mr. Hansen complied with the procedure contemplated by rule 56.2; that is, whether Hansen was at the time of service the general or managing agent of Best Refrigerated for purposes of invoking jurisdiction.

Best Refrigerated asserts Mr. Hansen is neither its general nor its managing agent as required by Iowa Rule of Civil Procedure 56.1 for the service of notice. It argues the trial court erred in holding the plaintiff made a prima facie case regarding that issue and further erred by holding that Best Refrigerated failed to adequately rebut the prima facie showing. We disagree.

As stated previously, the trial court's finding of fact has the force and effect of a jury verdict and may be successfully challenged on appeal only if not supported by substantial evidence. The trial court determined that the plaintiffs, had made and established a prima facie case of jurisdiction over the defendant Best. This is ordi-

narily a fact question. When we review the record, we find substantial evidence to support this finding.

The burden then shifted to Best Refrigerated to produce evidence which would rebut that prima facie showing. The only record before the trial court and before us is Best's affidavit that contained the mere conclusory statement that Mr. Hansen was not a general or managing agent of Best. Best did not provide the court with any further affidavit or testimony to support this conclusion. The trial court found as a fact that defendant failed to rebut the prima facie showing. As to this issue, we find substantial evidence in the record to support the trial court's findings.

It has been said that "a general agent is one who is clothed with general authority to act for his principal.... A general agent is one who is authorized to transact all the business of his principal, at a particular place or *of a particular kind, generally.*" (emphasis added) *Johnson v. Aeroil Products Co.*, 124 N.W.2d 425, 427. As it relates to "managing agent," the following appears in 19 Am.Jur.2d *Corporations* § 2198, p. 107:

> The term "managing agent," as used in Service of Process statutes, has no strict legal definition, and it is not easy to formulate any general rule that will govern in all cases. The general purpose of the particular statute, as well as its entire context and precise terminology, must be considered. Moreover, whether in a given case a particular agent is a "managing agent" of a corporation must depend upon the particular facts involved.

> One generally accepted definition is that an agent of a domestic corporation, whose contract of employment demands of him the exercise of judgment and discretion in the business affairs of his principal, and who has charge of the property and business of his principal in the locality where he is stationed, is "a managing agent" upon whom service of summons may be made. The corporate representative need not have charge and management of all the business and op-

erations of the corporation to be "a managing agent." Some cases support the view that a person is a "managing agent" if his position is one of sufficient character and rank to make it reasonably certain that the corporation will be appraised of the service made through the agent.

On the whole record, we hold the trial court's overruling of the special appearance is supported by substantial evidence. We affirm on that issue.

■ Finally, relying on rule 236, the defendant argues the trial court erred in failing to set aside the default judgment. Although the defendant asserts in its motion that its failure to timely answer was a result of "mistake, inadvertence, surprise, and excusable neglect," it offered no evidence whatsoever to support any of these allegations. The defendant's main argument in its rule 236 motion is lack of jurisdiction. In this regard, we note that this is not a ground for setting aside a default under that rule. However, assuming without deciding that jurisdictional defects can be raised under rule 236 as opposed to rule 252, which is not urged here, we conclude by stating that contention was addressed when we overruled defendant's special appearance.

The trial court's order overruling the defendant's motion to set aside the default judgment was without error. Accordingly, we affirm.

AFFIRMED.

DONIELSON, P.J., concurs.

SACKETT, J., specially concurs without opinion.