Rebecca Rose LANSKY and Rachel Adina Lansky, Minor Children, by Deborah BRILL, as their Parent and Next Friend, and Deborah Brill, Individually, Appellants,

v.

Philip S. LANSKY, Appellee.

No. 88–1856.

Supreme Court of Iowa.

Dec. 20, 1989.

Ed Kelly of Kelly & Morrissey, Fairfield, for appellants.

Jill S. Rolek, Urbandale, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and ANDREASEN, JJ.

ANDREASEN, Justice.

In December of 1987 the defendant, Philip Lansky, the natural father of Rebecca and Rachel, took the children to Israel without the consent or permission of their mother, Deborah Brill. Brill traveled to Israel and secured their custody by posting bond. Brill and the children moved to Iowa in February of 1988 and a civil proceeding to establish custody was commenced in Iowa.

Later, in July of 1988, Brill filed a separate civil action against Lansky. This suit, brought by her individually and as a parent for the children, asked both compensatory and punitive damages for the alleged tortious interference with custody. In response, and before filing an answer to the petition, Lansky filed motions to dismiss, raising issues of personal jurisdiction, subject matter jurisdiction, and forum non conveniens.

Brill filed a resistance to the motions and the motions were submitted to the court on November 21, 1988. At the motion hearing, counsel for Brill advised the court that his client was not present and that if there was to be an evidentiary hearing he would ask the matter be continued or the record left open. The court then advised counsel that motions to dismiss are not normally attended by the parties nor was evidence normally accepted on motions to dismiss. Counsel for Lansky then outlined facts to which his client would testify on the witness stand. The testimony would show he was not a resident of Iowa, he did not have minimum contacts with the State of Iowa, he had not been personally served with notice in Iowa, and the service upon him in Philadelphia was defective. He also suggested that custody proceedings would be

conducted in Philadelphia and that Iowa was an inconvenient forum to litigate the matter. Brill's counsel disagreed with the statements of opposing counsel and suggested the Iowa court apply the federal court policy of pendent jurisdiction because Lansky was properly before the Iowa district court in the separate custody suit.

The motions were submitted to the court without affidavit, testimony, or other evidence offered by either party in support or resistance of the motions. On the same day, November 21, 1988, the court made a calendar entry: "Defendant's motion to dismiss is sustained.... Plaintiff's petition is hereby dismissed." The court's ruling on the motions made no findings or conclusions nor did it contain separate rulings on the various grounds involved.

■ I. The ruling did not comply with Iowa Rule of Civil Procedure 118. Counsel and this court are entitled to know the grounds upon which the motion to dismiss is sustained. *Greenwell v. Meredith Corp.*, 189 N.W.2d 901, 904 (Iowa 1971). Without such rulings we must review and pass on the merits of each of the grounds contained in the motion—even those the judge thought were not good. Ordinarily, we will reverse and remand when the district court fails to make separate rulings on each ground raised in the motion. *Ruby v. Easton*, 207 N.W.2d 10, 14–15 (Iowa 1973).

■ From the court's comments, its ruling, and the limited record, we conclude the court dismissed the action under Iowa Rule of Civil Procedure 104(b) (failure to state a cause of action). A motion to dismiss under rule 104(b) is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted. *American Nat'l v. Sivers*, 387 N.W.2d 138, 139 (Iowa 1986). Brill's petition states a claim for tortious interference with custody, a cause of action recognized in *Wood v. Wood*, 338 N.W.2d 123, 124 (Iowa 1983). Lansky cannot rely on assertions of fact made in his motions to dismiss to support his claim that Brill's petition fails to state a cause of action.

*See Turner v. Thorp Credit, Inc.*, 228 N.W.2d 85, 88 (Iowa 1975). The court erred in granting Lansky's motion to dismiss.

■ II. We review generally the jurisdictional issues raised so that they may be addressed appropriately upon remand. The general theme of Iowa cases provides that, when a court is confronted with a question of its own authority to proceed, it should take charge of the proceedings affirmatively, regardless of the vehicle used to raise the issue. The court should utilize the most efficient method at its disposal to determine the true facts and then decide the issue promptly. *See Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984). When the court's power to proceed is at issue, the court has the power and duty to determine whether it has jurisdiction of the matter presented. Subject matter jurisdiction should be considered before the court looks at other matters involved in the case and before it determines whether the parties are entitled to a jury trial. The court should be less concerned about the form in which the question of subject matter jurisdiction reaches it and more concerned about establishing an efficient, prompt, trustworthy solution, even if innovative and unusual approaches are required to reach the issue. *Id.* at 511–12.

■ We have long recognized the Iowa court may exercise personal jurisdiction over a nonresident defendant under the due process clause of the fourteenth amendment only if the defendant has certain minimum contacts with Iowa such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Smalley v. Dewberry*, 379 N.W.2d 922, 924 (Iowa 1986). Iowa's rule of civil procedure 56.2 provides, in part:

> Every ... individual ... that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such ... individual ... amenable to suit in Iowa in every case not contrary to the

provisions of the Constitution of the United States.

Service may be made on any such ... individual ... as provided in R.C.P. 56.1 within or without the state....

Thus, Iowa's jurisdictional reach is to the widest due process parameters of the federal constitution. *Hager v. Doubletree,* 440 N.W.2d 603, 605 (Iowa 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989).

The "minimum contacts" test is not susceptible of mechanical application; rather the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, 141 (1978). On remand, the court should give the parties an opportunity to develop a record sufficient to address the jurisdictional issues raised.

■ As to adequacy of notice, under our former rules, in an appropriate case the action could be dismissed because of a defective notice or improper service. Under our present rules, however, the appropriate relief is that service be quashed. 1 A. Vestal & P. Willson, *Iowa Practice* § 15:04, at 78 (Supp.1989).

III. We would encourage the court to fashion a proper pretrial procedure to ensure that the jurisdictional questions are resolved before proceeding to trial. The parties should have an opportunity to stipulate as to material facts, or submit affidavits, and provide sworn testimony if necessary. The court should then make findings of fact upon those disputed facts and enter rulings upon all of the grounds raised by the motion. Because the court failed to comply with rule 118 and treated the motions to dismiss as a rule 104(b) motion, we reverse and remand.

REVERSED AND REMANDED.