**NEWTON MANUFACTURING COMPANY, Appellee,**

v.

**BIOGENETICS, LTD., Appellant.**

No. 89–1416.

Court of Appeals of Iowa.

Aug. 30, 1990.

Kyle L. Jennings and Richard T. Anderson of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellant.

Diane M. Stahle and Mark D. Walz of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Biogenetics is an Illinois corporation with its principal place of business in Chicago. In February 1988, Helene Metersky, an independent contractor employed by Newton Manufacturing, solicited Biogenetics to purchase certain promotional merchandise from Newton Manufacturing. The solicitations, actual sales, and deliveries of the merchandise occurred in Illinois. The contracts stated that they were subject to acceptance by Newton Manufacturing, that they could be consummated only in Iowa, and that independent contractors had no authority to finalize them.

Biogenetics provided the artwork that was to appear on the merchandise, several hundred gym bags. Basically, the artwork includes a triangular logo, the words "PROFESSIONAL HEALTH CARE SPECIALISTS, LTD.," and an address and telephone number. After delivery, which Biogenetics accepted, Biogenetics contacted Newton Manufacturing and requested a modification of the artwork. Essentially, the change rearranged the logo and the business name to make "PROFESSIONAL" appear larger. Biogenetics made several orders over the next six months after the change.

Newton Manufacturing attempted to collect on the original order, which had become overdue, and several other orders in the amount of $37,340.97 and interest. Citing the artwork problem in the first order, Biogenetics refused to pay for the merchandise because it claimed the merchandise was defective. On February 20, 1989, Newton Manufacturing filed suit against Biogenetics in Jasper County District Court.

On March 7, 1989, a Cook County, Illinois, deputy sheriff personally served Margaret Featherstone at the Biogenetics office in Chicago. Featherstone is not a registered agent of Biogenetics nor an officer. There was evidence that she had accepted service in the past numerous times. Featherstone forwarded the documents to Biogenetics' corporate counsel. On April 6, 1989, the trial court entered a default judgment against Biogenetics.

On June 5, 1989, Biogenetics filed a motion to set aside the default judgment. After an evidentiary hearing, the district court entered an order overruling the motion. Biogenetics appeals.

Biogenetics argues that the court erred in failing to set aside the default judgment. First, Biogenetics claims that it failed to appear in a timely manner because of mistake, inadvertence, and excusable neglect, and it asserts that it has meritorious defenses. *See Hallett Const. Co. v. Iowa State Highway Comm'n*, 258 Iowa 520, 530, 139 N.W.2d 421, 427–28 (1966). Second, Biogenetics alleges that the court erred in failing to consider the issue of in personam jurisdiction.

■ Trial courts have broad discretion in ruling on motions to set aside a default judgment. We will set aside such rulings only upon a showing of abuse of discretion. *Whitehorn v. Lovik*, 398 N.W.2d 851, 853 (Iowa 1987) (citing *Paige v. Chariton*, 252 N.W.2d 433, 437 (Iowa 1977)). Because the trial court's findings of fact have the force of a jury verdict, the movant generally must show a lack of substantial evidence supporting the ruling to show such abuse of discretion. *Id.; Dealers Warehouse Co. v. Wahl & Assocs.*, 216 N.W.2d 391, 394 (Iowa 1974).

■ Under Iowa Rule of Civil Procedure 236, a court may set aside a default judgment only for "good cause shown" based on "mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty." Thus, good cause requires "a sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting

effect." *Dealers Warehouse,* 216 N.W.2d at 394. Additionally, the movant must present "at least a prima facie showing of a meritorious defense as a condition to setting aside a default." *Hallett Const.,* 258 Iowa at 530, 139 N.W.2d at 428.

Newton Manufacturing urges us to find that lack of personal jurisdiction is not one of the grounds upon which a default judgment can be set aside under rule 236. We noted in *Life v. Best Refrigerated Express, Inc.,* 443 N.W.2d 334, 337 (Iowa App.1989), that jurisdictional defects were not addressed by rule 236, but we assumed "without deciding that jurisdictional defects can be raised under rule 236 as opposed to rule 252, which is not raised here...." *Id.* We will assume again for the sake of argument that a jurisdictional defect, such as an alleged failure to serve properly, could serve as the catalyst for defendant's mistake, inadvertence, or excusable neglect, but because we conclude that there is no jurisdictional defect, we need not resolve this issue.

■ We find that the service of process on Biogenetics complied with Iowa Rule of Civil Procedure 56.1. Biogenetics alleges that the service of process made upon it was not proper as the person served was neither a registered agent nor an authorized person to receive service of process. Rule 56.1, however, allows service upon officers, general or managing agents, or persons authorized by appointment or law.

Whether the person served is a general agent is a question of fact. *See Life,* 443 N.W.2d at 336–37. We believe the record reflects substantial evidence supportive of the trial court's finding that the person served was a general agent of Biogenetics. The trial court properly could have found that Featherstone was held out as one with whom Newton Manufacturing could deal, that she had in fact accepted process served on Biogenetics many times, and that Biogenetics had failed to refute the evidence tending to show that she was a general agent. *See id.* at 337.

Because we find that the trial court did not abuse its discretion—because we find substantial evidence in the record to support its determination that there was no good cause shown based on mistake, inadvertence, or excusable neglect, we affirm its ruling refusing to set aside the judgment against Biogenetics. Because Biogenetics has failed to show that the trial court abused its discretion, we need not address the second issue of whether Biogenetics had meritorious claims.

Biogenetics also argues that the trial court erred by failing to consider whether it had obtained in personam jurisdiction, specifically, whether Iowa has sufficient minimum contacts to exercise jurisdiction over defendant.

■ We agree; we believe it was error for the trial court to fail to consider the question of personal jurisdiction. The supreme court, in *In re Marriage of Ivins,* 308 N.W.2d 75, 77 (Iowa 1981), indicated that "objections to personal jurisdiction ... will be deemed waived unless raised 'at the first opportunity, or in due or reasonable time....'" We find that, although the issue was not raised in defendant's motion to set aside the default judgment, it was properly before the trial court and was raised orally "in due or reasonable time." Accordingly, we believe the issue has been preserved for our consideration. *See Lansky v. Lansky,* 449 N.W.2d 367, 368 (Iowa 1989) (court should proceed affirmatively to decide questions challenging authority); *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n,* 360 N.W.2d 729, 730 (Iowa 1985) ("Every court has inherent power to determine whether it has jurisdiction of the controversy before it.").

■ Having reviewed all of the facts in the record, we find that there were minimum contacts and that the trial court properly could exercise personal jurisdiction over defendant. Iowa's jurisdictional reach is coextensive with that allowed by the United States Constitution. *Lansky,* 449 N.W.2d at 369; *Larsen v. Scholl,* 296 N.W.2d 785, 788 (Iowa 1980); *Tung v. American University of the Caribbean,* 353 N.W.2d 869, 870 (Iowa App.1984). When determining whether our assertion of personal jurisdiction meets the requirements of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.

95 (1945), we examine five factors, the first three being most important: (1) quantity of the contacts; (2) nature and quality of the contacts; (3) source and connection of cause of action within those contacts; (4) interest of forum state; and (5) convenience. *See Larsen,* 296 N.W.2d at 788; *Bankers Leasing Co. v. Eagle Valley Environmentalists, Inc.,* 387 N.W.2d 380, 832 (Iowa App.1986); *Tung,* 353 N.W.2d at 870. *See also Humble v. Toyota Motor Co.,* 578 F.Supp. 530, 532 (N.D.Iowa 1982), aff'd, 727 F.2d 709 (8th Cir.1984). We may not apply our minimum contacts test mechanically and must weigh the facts appropriately. *See Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696–97, 56 L.Ed.2d 132 (1978).

■ The record shows that Biogenetics had ample, significant contacts with the State of Iowa. While solicitations and deliveries of the merchandise occurred in Illinois, the contracts were clear on the subjects of acceptance and finalization by Newton Manufacturing. Moreover, Biogenetics provided the artwork that was to appear on the merchandise and later contacted Newton Manufacturing requesting modification of the artwork. Finally, Biogenetics made and accepted several orders, charging up a bill of over $37,000. Clearly, because it dealt extensively with an Iowa corporation, *see Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), Biogenetics could have anticipated being haled into an Iowa court without offending traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Having determined that there is substantial evidence in the record to support the trial court's determination that there was no good cause shown based on mistake, inadvertence, or excusable neglect and that Iowa courts could properly exercise personal jurisdiction over defendant, we affirm the decision of the trial court.

AFFIRMED.